**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Tommy Lynn BRANCH,**
**Defendant–Appellant.**

No. 87–1569.

United States Court of Appeals,
Fifth Circuit.

July 29, 1988.

Tommy Lynn Branch, Anthony, N.M., pro se.

S. Gregory White, Waco, Tex. (Court–Appointed), for defendant-appellant.

LeRoy Morgan Jahn, Asst. U.S. Atty., Helen M. Eversberg, U.S. Atty., San Antonio, Tex., Mervyn Hamburg, Robert J. Erickson, Attys., Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before WISDOM, GEE and JONES, Circuit Judges.

GEE, Circuit Judge:

Tommy Lynn Branch appeals his convictions for various drug and intimidation of witnesses offenses. We affirm each of the convictions.

*Facts*

In recent years, Branch was engaged in the manufacture and distribution of methamphetamine in Killeen, Texas. He was at various times a purchaser and manufacturer of the drug. On three occasions between 1984 and 1987 federal agents, acting pursuant to search warrants, seized methamphetamine and related drug paraphernalia from residences where appellant lived. State agents seized evidence from defendant's residence on a separate occasion in 1985. After the state seizure, Branch and another person were charged by the state with possession of methamphetamine. Branch was acquitted of the state charge after a jury trial. Based upon evidence seized at all four searches, the Government brought charges against Branch for possession of and intent to manufacture and distribute the drug. Intimidation of witnesses and obstruction of justice counts were added to Branch's indictment because of his actions before trial.

*Issues*

1. Collateral Estoppel

■ Defendant first contends that the trial judge erred as a matter of law in admitting "evidence that tied all of the other evidence together." The special piece of evidence of which Branch complains was a formula for making methamphetamine hydrochloride, seized by state agents during their search of his residence in 1985. Branch maintains that the use of evidence acquired in the state search is barred by the doctrine of collateral estoppel, citing *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) to support his argument:

> [W]hen an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.

397 U.S. at 443, 90 S.Ct. at 1194.

*Ashe* requires that the issue be one of "ultimate fact." Soon after *Ashe*, we held that "only if the jury could not rationally have based its verdict on an issue other than the one the defendant seeks to foreclose does the doctrine [of collateral estoppel] preclude the subsequent prosecution." *United States v. Smith*, 470 F.2d 1299, 1301 (5th Cir.1973). Defendant was acquitted at the state trial of possession of the drug, not the formula. A woman who was charged with the same crime pled guilty and testified at Branch's state trial that the drug was hers. Because the jury could have found Branch innocent of possession on the woman's testimony alone, the issue of who possessed the formula was not necessarily decided at the state trial. It is therefore not precluded here. "When a 'fact is not *necessarily* determined in a formal trial, the possibility that it may have

been does not prevent reexamination of that issue.' " *United States v. Lee*, 622 F.2d 787, 790 (5th Cir.1980), quoting *Adams v. United States*, 287 F.2d 701, 705 (5th Cir.1961).

### 2. Obstruction of Justice

■ Branch wrote threatening letters to witnesses before his trial. For these actions, the government charged him with obstruction of justice. Branch suggests that his obstruction of justice convictions are improper because the law under which he was convicted does not pertain to witnesses. The general obstruction of justice statute, 18 U.S.C. § 1503, was amended in 1982 and all reference to "witnesses" was deleted. On the face of the language remaining in the statute, however, threatening a witness is covered. We have specifically ruled that such is the proper interpretation, and thus it is settled in our Circuit that Branch's conviction under this section is not in error.

> By enacting § 1512 to address certain kinds of witness intimidation, and simultaneously deleting from § 1503 all references to witnesses, we find no indication that Congress intended that threats against witnesses would fall exclusively under § 1512 and were exempt from prosecution under § 1503.

*United States v. Wesley*, 748 F.2d 962, 964 (5th Cir.1984).

### 3. Miscitation in Indictment

■ Branch argues that the indictment's citation to the wrong subsection of 18 U.S. C. § 1512 (concerning tampering with a witness, victim, or informant) is absolute error. Six months before Branch's trial, Congress amended 18 U.S.C. § 1512, changing the former witness intimidation subsection (a)(1) to (b)(1), and adding a new subsection (a)(1) concerning the killing or attempted killing of any person who may give testimony at trial.

When a correct statute has been miscited, "error in citation ... shall not be the ground for dismissal of the indictment ... or for reversal of a conviction if the error ... did not mislead the defendant to the defendant's prejudice." Fed.R.Crim.P.

7(c)(3). Defendant has shown no prejudice. He argues that the indictment "is carefully couched to give impermissible latitude in proof adduced." The indictment is couched in the same way that subsection (b)(2) is couched: appellant "attempt[ed] to use intimidation and threats against Kenneth Lee Herring with the intent to influence [Herring's] testimony." Defendant clearly knew what illegality he was accused of having committed.

### 4. Variance

Defendant also contends that his arrest by State officers in December 1985 terminated his membership in any conspiracy as a matter of law. Because his indictment charged him with one conspiracy from January 1982 to June 1986, defendant contends that there is a fatal variance between the conspiracy charged and that proved. We find no variance.

■ The arrest of a party involved in a conspiracy does not necessarily terminate his participation in the conspiracy as a matter of law. *See United States v. Rosenthal*, 793 F.2d 1214, 1244 (11th Cir.1986), cert. denied, —— U.S. ——, 107 S.Ct. 1377, 94 L.Ed.2d 692 (1987). The conspiracy is presumed to continue unless the defendant makes a "substantial" affirmative showing of withdrawal, abandonment, or defeat of the conspiratorial purpose. *United States v. Finestone*, 816 F.2d 583, 589 (11th Cir. 1987).

The state charged Branch and a woman with joint possession of a drug in 1985. The government's conspiracy charges against Branch concern his activities in concert with others related to the possession and distribution of methamphetamine. On the face of the above charges, there is no indication that Branch's activities with two other participants were suspended by his state trial for possession. Taking his cue from jury instructions that raised this issue, Branch contends that the conspiracy terminated at the time of the state arrest. Branch's argument fails because it rests on an initially flawed premise: that the law presumes termination of the conspiracy.

The burden was on Branch to prove his withdrawal from the conspiracy at the time of the arrest. 793 F.2d at 1244. Because he failed to offer any evidence of his withdrawal from the conspiracy charged here after his state arrest, he has failed to carry his burden on this issue.

5. Other Issues

■ Defendant filed a civil suit during the pretrial proceedings seeking disqualification of the district judge. Branch failed to accompany his motion asserting bias with "a timely and sufficient affidavit" and a "certificate of counsel of record stating that it is made in good faith," pursuant to 28 U.S.C. § 144; and thus denial of his motion was appropriate. *See e.g. Galella v. Onassis*, 487 F.2d 986, 997 (2d Cir.1973) (no affidavit); *Morrison v. United States*, 432 F.2d 1227, 1229 (5th Cir.1970), cert. denied, 401 U.S. 945, 91 S.Ct. 959, 28 L.Ed. 2d 227 (1971) (no certificate).

Defendant also raises several points of error in the jury instructions. He did not object to the instructions at trial, and we find in them no plain error affecting his substantial rights. *United States v. Gammage*, 790 F.2d 431, 434 (5th Cir.1986).

For the reasons stated above, we AFFIRM the judgment of the district court.