**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Donnie G. BRUNSON, Defendant–Appellant.**

No. 89–4894.

United States Court of Appeals, Fifth Circuit.

Oct. 11, 1990.

Rehearing Denied Nov. 6, 1990.

Bobby L. Culpepper, Law Offices of Bobby L. Culpepper, Jonesboro, La., F. Clay Tillman, Leesville, La. (Court-appointed), for defendant-appellant.

William J. Flanigan, Asst. U.S. Atty., Joseph S. Cage, Jr., U.S. Atty., Shreveport, La., for plaintiff-appellee.

Before RUBIN, GARWOOD, and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Donnie G. Brunson was convicted under 18 U.S.C.A. § 215 for soliciting a commercial bribe. He appeals on the ground that

the district court erroneously departed upward from the Sentencing Guidelines without considering the applicable sentencing-adjustment provided in section 3B1.3. Brunson did not raise this issue below. We find no plain error and affirm.

## I.

Donnie G. Brunson was a director of the People's Bank of Chatham, Louisiana and its attorney. He was also a local assistant district attorney. Gayle Grayson, a customer of the bank, deposited a $2,500 check into her account. The check bounced, but not before Ms. Grayson was able to draw $2,000 on the account. The bank referred the matter to the district attorney's office. When Grayson met with Brunson to discuss a schedule for repaying the debt, Brunson suggested that in exchange for certain sexual favors from Ms. Grayson he would use his influence to ensure that Ms. Grayson could make payments over an extended period of time. Meanwhile Brunson repeatedly threatened Grayson with arrest should she fail to pay back the money.

Brunson was convicted of a violation of 18 U.S.C.A. § 215(a)(2) (West Supp.1990).[1] At sentencing the district court applied Guidelines § 2C1.1 ("Offering, Giving, Soliciting, or Receiving a Bribe; Extortion Under Color of Official Right"). On appeal we reversed the sentence, because Brunson's position as a public official was not an element of the offense for which he was convicted, and we instructed the district court that it had not chosen "the sentencing guideline that was most applicable to the offense of conviction." *United States v. Brunson*, 882 F.2d 151, 157 (5th Cir. 1989). We found that section 2B4.1, concerning commercial bribery, was the appropriate guideline, *id.* at 156, and noted that "[a]t resentencing the district court may consider whether it wishes to depart from

the guidelines because of Brunson's conduct as a public official if it concludes that this conduct was not adequately taken into consideration by the guideline." *Id.* at 157.

At resentencing the district court applied section 2B4.1, which carries a base offense level of 8. The court awarded Brunson a 2-level reduction for acceptance of responsibility, downgrading his offense to level 6. The court found the appropriate criminal-history category to be I, yielding an applicable range of 0 to 6 months. Concerned that section 2B4.1 did not take into consideration Brunson's misuse of his position as assistant district attorney, the court departed upward from the guideline range and sentenced Brunson to 18 months in prison to be followed by 3 years of supervised release.

## II.

Brunson's strongest argument is that the district court misapplied the Sentencing Guidelines. He claims that, when the judge determined that section 2B4.1 did not adequately take into consideration his abuse of office, he should have applied section 3B1.3.[2] Section 3B1.3, entitled "Abuse of Position of Trust or Use of Special Skill," is one of the "Adjustments" authorized in Chapter Three of the Guidelines. It provides in relevant part that

[i]f the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense, increase by 2 levels....

Guidelines Manual 3.7 (Nov. 1, 1989). Brunson argues that, given the considerations that motivated the trial court to depart from the Guidelines, the court should have followed the recommendation of section 3B1.3 and raised the offense level by two, from level 6 to level 8. The sentenc-

---

1. Section 215(a)(2) provides in relevant part that "[w]hoever ... as an officer, director ... or attorney of a financial institution, corruptly solicits ... or agrees to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business or transaction of such institution shall be [fined or imprisoned]."

2. Brunson also argues that the court erred in departing upward at all from section 2B4.1. However, the reasonableness of the upward departure from that section, which gives no consideration for abuse of position, cannot seriously be questioned. Indeed in our previous opinion in this matter, we all but invited such a departure. *Brunson*, 882 F.2d at 157.

ing range would then have been 2 to 8 months and would presumably have taken into account Brunson's role as assistant district attorney. Instead the court, without discussing section 3B1.3, handed down eighteen months.

Brunson's argument has merit; however, because he failed to raise it below, he may not raise it on appeal absent plain error. *See, e.g., United States v. Velasquez,* 868 F.2d 714, 715 (5th Cir.1989) (procedural flaw in sentencing hearing, if not raised below, is reviewed for plain error); *United States v. Dickie,* 775 F.2d 607 (5th Cir. 1985) (inclusion in presentence report of statement obliquely linking defendant to murder, if not raised below, is reviewed for plain error); *United States v. Scott,* 688 F.2d 368, 370 (5th Cir.1982) (alleged deficiencies in presentence investigation and alleged denial of speedy trial not raised at resentencing hearing reviewed for plain error). We have applied the same plain error standard against the United States (when it was the appellant) in a somewhat analogous instance. *See United States v. Garcia–Pillado,* 898 F.2d 36 (5th Cir.1990). Brunson contests the application of the plain error rule to this case on the ground that he could not have known of the district court's sentencing error until after the court handed down its decision. But that is belied by the Presentence Report. That report makes plain·that Brunson should have known that the district court would depart upward from the specified guideline range and should have known on what grounds the court would depart. In Part F, entitled "FACTORS THAT MAY WARRANT DEPARTURE," the Report points out that section 2B4.1

> does not adequately reflect [Brunson's] conduct in the present offense. This defendant used his position as assistant district attorney as well as his position as a bank officer in committing the offense. This would be a ground for departure

since it was not adequately taken into consideration by the Sentencing Commission.

Furthermore, before the sentence was handed down, Brunson could have attacked the Sentencing Report for recommending upward departure without taking into account the section 3B1.3 adjustment. Indeed, on page twenty-three of the Report, item sixteen reads as follows: "Adjustment for Role in the Offense: None." This was a mistake. As Brunson ably argues, section 3B1.3 sets out the appropriate adjustment for his role in the offense, and the Sentencing Report should have taken that section into account. This argument could easily have been made at the resentencing hearing. In sum, Brunson had ample opportunity below to make his section 3B1.3 argument, but failed to do so. Therefore, because the policies underlying the plain error rule—promoting the economy of judicial resources and maintaining the distinct institutional roles of trial courts and appellate courts—apply in this case, we will review the district court's sentence only for plain error. *See generally* C. Wright, *Federal Practice and Procedure* § 856 (1982).

Plain error is a mistake so fundamental as to constitute a "miscarriage of justice." *United States v. Yamin,* 868 F.2d 130 (5th Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 3258, 106 L.Ed.2d 603 (1989); *see also Self v. Blackburn,* 751 F.2d 789, 793 (5th Cir. 1985) (error must, if left uncorrected, constitute "manifest injustice"). The 18–month sentence falls well below the statutory maximum of twenty years.[3] If the case were remanded the trial judge could reinstate the same sentence (assuming of course that he included a reasonable explanation for the departure). We can find no miscarriage of justice in the court's failure to apply Guidelines § 3B1.3. Finding no plain error, we AFFIRM.

---

**3.** Insofar as Brunson argues that the 18–month sentence is *per se* excessive because it is triple the maximum sentence in the recommended range, his contentions are unavailing. *See, e.g., United States v. Roberson,* 872 F.2d 597, 606 n. 7 (5th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct.

175, 107 L.Ed.2d 131 (1989) ("The mere fact that a departure sentence exceeds by several times the maximum recommended under the Guidelines is of no independent consequence in determining whether the sentence is reasonable.")

ALVIN B. RUBIN, Circuit Judge, dissenting:

The criminal bears responsibility for the commission of the crime. He violates the law at the peril of punishment. The judges, trial and appellate, bear responsibility for the justice of the sentence. A sentence that exceeds the term prescribed by law is illegal. The judge who imposes such a sentence also violates the law, but he pays the price only in his conscience. As judges, we cannot escape our responsibilities both to the law and to our own moral principles by invoking a bureaucratic reading of procedural rules to allow that kind of sentence to be imposed. The majority opinion has scrupulously cited the rubric and affixed the stamps: No objection in the trial court; we therefore review only for plain error; plain error is found only when manifest injustice is committed. The litany has all the right words, but, to me, the conclusion is wrong. I, therefore, respectfully dissent.

Had the district court applied the correct guideline—§ 3B1.3—it could have sentenced Brunson to imprisonment for no more than eight months. Now he must serve eighteen, more than twice as long a term. Ten months may not be a long time when measuring the history of time or the age of the earth, but it is 300 days of misery to the prisoner who must serve it. That the district court erred in imposing the sentence we all agree.[1] Merely reading the Guidelines makes the error "plain," but my brothers find no miscarriage of justice. I believe that justice has been aborted.

On remand the district court repeated the error it committed when it originally sentenced Brunson and for which it was previously reversed.[2] Federal Rule of Criminal Procedure 52 permits "plain error or defects affecting substantial rights" to be noticed "although they were not brought to the attention of the court." To conclude that the mistake is not "plain" enough to warrant reversal is to exalt a form of analysis over the substantial rights of the defendant. That, to me, was not the intent of Rule 52. "Orderly rules of procedure do not require sacrifice of the rules of fundamental justice."[3]

The majority seeks to justify the result by noting that the sentence of 18 months is "well below the statutory maximum of twenty years." That is right but irrelevant. The Sentencing Reform Act, from which the Sentencing Guidelines derive their authority, provides that "except as otherwise specifically provided, a defendant who has been found guilty of an offense ... shall be sentenced in accordance with" its provisions.[4] The Act in effect amends 18 U.S.C. § 215, under which Brunson was sentenced, and the various other sentencing statutes in order to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6) (1988).

The majority advances another, but to me no better, justification for affirming: "if the case were remanded the trial judge could reinstate the same sentence (assuming of course that he included a reasonable explanation for the departure)." This, of course, assumes that there *is* some justification for departure—an assumption that, as far as I can tell, is not supported by the record. The district court's remarks at the sentencing proceeding related solely to Brunson's position as an assistant district attorney.

Indeed, this statement seems to me suggestive of harmless error analysis. As we stated in *United States v. Stephenson*,[5] misapplication of the Guidelines is not subject to harmless error analysis, but requires remand for resentencing.

---

1. Majority opinion, p. 944.

2. *United States v. Brunson*, 882 F.2d 151 (5th Cir.1989).

3. *Hormel v. Helvering*, 312 U.S. 552, 557, 61 S.Ct. 719, 721, 85 L.Ed. 1037 (1941).

4. 18 U.S.C. § 3551(a) (1988).

5. *United States v. Stephenson*, 887 F.2d 57, 62 (5th Cir.1989), *cert. denied sub nom., Goff v. United States*, — U.S. —, 110 S.Ct. 1151, 107 L.Ed.2d 1054 (1990).

Brunson committed a crime. He deserves to be sentenced to what the law allows, but not to more. The nature of the district court's error and our condoning its action makes Brunson's punishment exceed his crime.