United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 13, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40580
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE SALBADOR LIRA-LOPEZ, also known as Jose Juan
Uscanga-Hernandez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-38-ALL
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Salbador Lira-Lopez, also known as Jose Juan

Uscanga-Hernandez, appeals from his guilty-plea conviction for

illegal reentry into the United States following deportation

pursuant to an aggravated-felony conviction. He first argues,

and the Government concedes, that the district court erred in

calculating his criminal history score, which affected his

criminal history category. Lira-Lopez admits that this error is

reviewed only for plain error because he failed to challenge that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

calculation in district court.  When reviewing for plain error in the sentencing context, "this court has concluded that if the trial judge, on remand, could reinstate the same sentence, it will uphold the sentence imposed despite the trial court's error."  United States v. Leonard, 157 F.3d 343, 346 (5th Cir. 1998)(citations omitted).  Despite Lira-Lopez's arguments to the contrary, Leonard is controlling precedent and may not be overruled by this panel without en banc consideration or an intervening Supreme Court opinion.  See Hogue v. Johnson, 131 F.3d 466, 491 (5th Cir. 1997).  Lira-Lopez admits that, even if his criminal history score were corrected, the district court could impose the same 46-month sentence on remand.  Accordingly, Lira-Lopez has not shown plain error.  See id.

Also for the first time on appeal, Lira-Lopez argues that 8 U.S.C. § 1326(b) is unconstitutional on its face and as applied in his case because it does not require the fact of a prior felony or aggravated felony conviction to be charged in the indictment and proved beyond a reasonable doubt.  He thus contends that his sentence is invalid and argues that it should not exceed the two-year maximum term of imprisonment prescribed in 8 U.S.C. § 1326(a).

Lira-Lopez acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but asserts that the decision has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).  He seeks to preserve his

argument for further review.  <u>Apprendi</u> did not overrule
<u>Almendarez-Torres</u>.  <u>See</u> <u>Apprendi</u>, 530 U.S. at 489-90; <u>United
States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000).  This court
must follow <u>Almendarez-Torres</u> "unless and until the Supreme Court
itself determines to overrule it."  <u>Dabeit</u>, 231 F.3d at 984
(internal quotation marks and citation omitted).

    AFFIRMED.