United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 6, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

———————

No. 04-40580

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE SALBADOR LIRA-LOPEZ, also known as Jose Juan Uscanga-Hernandez,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-38-ALL

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before GARZA, DEMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

On a previous appeal, we affirmed Jose Salbador Lira-Lopez' ("Lira-Lopez") forty-six month

sentence following his guilty plea conviction for illegally reentering the United States following

—————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

deportation pursuant to an aggravated conviction. *United States v. Lira-Lopez*, 114 Fed.Appx. 643 (5th Cir. 2004) (unpublished). He sought)) and the Supreme Court granted)) a writ of certiorari. *Lira-Lopez v. United States*, 125 S.Ct. 2310 (2005). The Supreme Court vacated the judgment and remanded the case for further consideration in light of *United States v. Booker*, 125 S. Ct. 738 (2005).

We requested supplemental briefing from the parties. In his letter brief, Lira-Lopez argues that his sentence should be remanded and vacated because 1) *Booker* requires the Guidelines to be correctly calculated; and 2) he was sentenced under a mandatory instead of an advisory sentencing scheme.

Lira-Lopez did not raise an objection in the district court regarding the Guidelines calculation. Thus, we review for plain error. *United States v. Villegas*, 404 F.3d 355, 358 (5th Cir. 2005). Under the plain error standard, this court may correct a defendant's sentence only if there is (1) an error; (2) that is clear and obvious; and (3) that affects the defendant's substantial rights. *United States v. Mares*, 402 F.3d 511, 520 (5th Cir.), *petition for cert. filed* (Mar. 31, 2005) (No. 04-9517); *see* FED. R. CRIM. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention.").

The government concedes that the district court erred in calculating Lira-Lopez' criminal history category. Consequently, while the district court found the defendant's applicable Guidelines range to be forty-six to fifty-seven months, the correct Guideline range was actually forty-one to fifty-one months. In *Villegas*, we held that a district court's error in misinterpreting and misapplying the Sentencing Guidelines may constitute plain error if "the defendant can show a reasonable probability that, but for the district court's misapplication of the Guidelines, he would have received a lesser sentence." 404 F.3d 355, 364 (5th Cir. 2005). We went on to vacate Villegas' sentence "[b]ecause

these two sentencing ranges do not overlap . . . ." *Id.*

Here, Lira-Lopez has failed to show a "reasonable probability" that, but for the district court's misapplication of the Guidelines, he would have received a lesser sentence. Lira-Lopez' sentence of forty-six months falls into either Guideline range calculation and he has failed to point to any other evidence in the record indicating that, but for this error, the district court would have imposed a shorter sentence. Since the sentence was not "higher than the correct range under the Guidelines", we see no reason to change our prior affirmance in this case. *Id.* at 365. *See also United States v. Ravitch*, 128 F.3d 865 (5th Cir. 1997) (citing *United States v. Brunson*, 915 F. 942, 944 (5th Cir. 1990)).

Lira-Lopez also argues that his sentence is unconstitutional because he was sentenced under a mandatory sentencing scheme. Since he never raised this issue before the district court, we also review for plain error. *Mares*, 402 F.3d at 520. To show reversible plain error under *Booker*, the petitioner must "demonstrate[] that the sentencing judge sentencing under an advisory scheme rather than a mandatory one would have reached a significantly different result." Id., 402 F.3d at 521. "[I]f it is equally plausible that the error worked in favor of the defense, the defendant loses; if the effect of the error is uncertain so that we do not know which, if either, side is helped, the defendant loses." *Id*. Lira-Lopez has failed to demonstrate that the district court would have imposed a lesser sentence had the Guidelines been advisory rather than mandatory.

For the foregoing reasons, we reinstate our judgment affirming the defendant's conviction and sentence.