**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3456-17T2

IN THE MATTER OF THE ESTATE
OF ANTHONY J. PARUTA.

_____

Submitted December 4, 2018 – Decided January 3, 2019

Before Judges Fisher, Suter and Firko.

On appeal from Superior Court of New Jersey, Chancery Division, Passaic County, Docket No. P211192.

Joseph C. Nuzzo, attorney for appellant Brian P. Trava.

Ofeck & Heinze, LLP attorneys for respondent Mariangely Littlejohn (Mark F. Heinze, on the brief).

Gubir S. Grewal, Attorney General, attorney for respondent Attorney General of New Jersey (Melissa H. Raksa, Assistant Attorney General, of counsel; Marc A. Krefetz, Deputy Attorney General, on the brief).

PER CURIAM

Plaintiff Estate of Anthony J. Paruta appeals from the judge's reconsideration of an order in the Estate's favor that resulted in his vacating that

prior order and ruling in favor of defendant Mariangely Littlejohn (nee Torres).[1]
In the prior order, the judge determined that Littlejohn was not entitled to a
bequest made by the testator; in the later order, the judge concluded that she
was. We affirm.

I.

Our consideration of the issues on appeal is derived from the trial court
proceedings, which we briefly summarize. Paruta passed away on March 30,
2015, and his will, executed in 2014, was probated on June 1, 2015. Having no
immediate family members, he made bequests to a cousin, four charities, several
individuals, and two Valley National Bank (Valley) employees, Littlejohn being
one of them. Valley's Employee Code of Conduct and Ethics prohibits
employees from accepting gifts "valued in excess of $100." The Code further
provides, "[e]mployees . . . shall not accept, directly or indirectly, any bequest
or legacy from any [b]ank customer . . . unless the donor is a close family
member or domestic partner." Mary Bednarz, the other Valley employee,
denounced the bequest as unethical, comporting with a letter opinion from
Valley, because she was still an employee. Littlejohn, on the other hand,
resigned from Valley, and became employed by Kearny Bank as of April 30,

---

[1] We refer to defendant as Littlejohn in this opinion.

A-3456-17T2

2015, and chose not to renounce the bequest, claiming Valley's Code no longer applied to her. Indeed, Littlejohn did not even learn about the bequest until after she left the employ of Valley. Paruta referred to Littlejohn as "my friend" in his will.

The executor, Dr. Brian P. Trava (Trava), filed a verified complaint for summary action under Rule 4:95-2, seeking a declaratory judgment against Littlejohn and to dishonor the bequest under Paruta's will. The amount of the bequest was approximately $11,000.

In his initial decision, the judge ruled:

> As you can probably tell, this [c]ourt is going to rule that the gift should not be made. That there is this entire regulatory scheme called Statutory Regulatory Code of Ethics that exists. That I do find that it is based on public policy. That's why I went into the statements of the FDIC.[2]
>
> And evidently, what the federal regulatory schedule has done is cast a very, very wide net. No one is claiming that Ms. [Littlejohn] was guilty of any wrongdoing, bribery or trying to give something to Mr. Paruta that he shouldn't have. That somehow they were instrumental in getting him a loan because he was going to give them a bequest. There is nothing of that nature.
>
> However, the court is satisfied that as a matter of public policy, the federal regulations have cast a very wide net

---

2  Federal Deposit Insurance Corporation.

and prohibit bank employees from accepting gifts from their customers.

And the [Valley] Code also uses the word - - specifically uses the word, bequests, in implementing the FDIC guidelines and statutory proscriptions.

And for that reason this court is going to rule that [Trava] should not fund the gift to [Littlejohn]. That the fact is I see her as falling into the same category as Ms. Bednarz in that the mischief that would be created if a bank employee could simply resign her employment upon learning that there is a bequest would circumvent the entire statutory and regulatory scheme.

The judge was alluding to FDIC Guidelines that require banks to implement policies prohibiting "self-dealing" and "include the provisions of the Federal Bank Bribery Law," 18 U.S.C. § 215 (1985). Corporate Codes of Conduct: Guidance on Implementing an Effective Ethics Program, FDIC (Dec. 17, 2018), https://fdic.gov/news/news/financial/2005/fil10505a.html.

Federal law prohibits an employee from "corruptly solicit[ing] or demand[ing] for the benefit of any person, or corruptly accept[ing] or agree[ing] to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business or transaction of such institution[,]" in relation to procuring loans. 18 U.S.C. § 215(a)(2). The Guidelines were designed to assist banks in creating policies "[c]onsistent with the intent of the statute to proscribe corrupt activity within financial institutions . . . ."

4

Guidelines for Compliance with the Federal Bank Bribery Law, FDIC (Dec. 17, 2018), https://www.fdic.gov/regulations/laws/rules/5000-2300.html. To establish a violation of 18 U.S.C. § 215(a)(2), the government is required to prove that: "1) a[n] [employee] of a bank, 2) corruptly solicited or demanded for the benefit of any person, 3) a thing of value (exceeding $100) from [the victim], 4) intending to be influenced or rewarded in connection with any business or transaction of the institution." United States v. Brunson, 882 F.2d 151, 155 (5th Cir. 1989).

Littlejohn certified that she had "no involvement in approving loans or extensions of credit, or in otherwise influencing [Valley] to do (or not do) anything for [] Paruta . . . ." She performed her duties without the "belief or expectation that [she] would receive anything." Trava contends that Littlejohn and Bednarz advised Paruta to cancel his second insurance policy because he was paying a high cost for little benefit, and they assisted him with his banking because he did not comprehend it and could not write checks. Later, Trava conceded that such functions were within their duties as bank employees. No criminal charges were pressed against Littlejohn.

Further, 18 U.S.C. § 1005 imposes a penalty and incarceration for anyone, who "with the intent defraud the United States or any agency thereof, or any

financial institution . . . participates or shares in or receives (directly or indirectly) any money . . . through any transaction . . . or any other act of any such financial institution." Littlejohn argues that the bequest does not violate these rules of law or public policy because no solicitation was made by her.

Littlejohn moved for reconsideration and the judge decided:

> And for all the reasons that you state, I'm reading [defendant's moving papers] and I said, you know, I am going to reconsider. And I am going to reverse myself because there isn't anything in the record which indicates that this gift was connected in any way, other than the fact that [Littlejohn] was a – you know – an employee. And I think you're right.
>
> You know, you looked at it and maybe you got a sense that there was something there and she quit and [Bednarz] stayed on and maybe, hey, you know, it's worth my while to - - you know - - to bail out so that I can get this bequest and all the rest of it because I know it violated the terms and conditions of her employment with [Valley], but there's nothing in the record which indicates - - which contradicts the statement that she didn't know that the gift was in the will.
>
> [Littlejohn] left two or three months before the will was probated. And I have to make my decisions based upon what's in the record before me, and there is absolutely nothing in the record which indicates any kind of corruption, bribery, or fraud that would taint the bequest. And maybe you were right.
>
> And there also really is no case or controversy. The [A]ttorney [G]eneral basically took the position because they have to look out for charitable bequests.

6

A-3456-17T2

To the extent I don't allow the gift in question to Ms. Littlejohn, well, there's more money in the pot for [Littlejohn] now, right?

MR. HEINZE:     Yes, Your Honor.

THE COURT:     There's more in the pot for the charities, but for all of the reasons that have been stated in your papers, I am going to reverse the decision and allow the gift.

## II.

The executor raises the following arguments on appeal:

POINT I.

THE RECONSIDERATION APPLICATION LACKED MERIT AND MUST BE REVERSED.

POINT II.

THE APPEARANCE OF A LAY EXECUTOR OF THE ESTATE TO ARGUE THE RECONSIDERATION MOTION WAS PLAIN ERROR AND CONTRARY TO R. 1:21-1(c) (NOT RAISED BELOW).

POINT III.

THERE WAS AN UTTER FAILURE TO MAKE FINDINGS OF FACT AND CONCLUSIONS OF LAW BY THE COURT BELOW.

The Attorney General raises the following arguments on its cross-appeal:

I.     THE COURT ABUSED ITS DISCRETION WHEN IT COMPELLED A LAYPERSON TO

A-3456-17T2

REPRESENT THE ESTATE, THE INDIVIDUAL BENEFICIARIES AND THE CHARITIES IN OPPOSITION TO THE MOTION FOR RECONSIDERATION RATHER THAN ADJOURNING THE MOTION SO NEW COUNSEL COULD BE RETAINED AND THE INDIVIDUAL BENEFICIARIES, THE CHARITIES AND THE ATTORNEY GENERAL COULD BE NOTICED OF THE ADJOURNED ARGUMENT DATE.

II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO NOTIFY THE ATTORNEY GENERAL OF THE ADJOURNED ORAL ARGUMENT DATE.

III. THE COURT ABUSED ITS DISCRETION IN GRANTING RECONSIDERATION BECAUSE IT FAILED TO ADDRESS THE REQUIREMENTS FOR RECONSIDERATION.

Bearing in mind that this appeal challenges the granting of a reconsideration motion, we begin with our standard of review. "Reconsideration [of a final order] . . . is 'a matter within the sound discretion of the court, to be exercised in the interest of justice[.]'" Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)). Reconsideration is appropriate if "1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence[.]" Cummings v. Bahr, 295 N.J Super. 374,

384 (App. Div. 1996) (quoting D'Atria, 242 N.J. Super. at 401); see also Fusco v. Board of Educ. of Newark, 349 N.J. Super. 455, 462 (App. Div. 2002). Reconsideration is not appropriate as a vehicle to bring to the court's attention evidence that was available but not presented in connection with initial argument. Fusco, 349 N.J. Super. at 463.

We review the denial of a motion for reconsideration under the abuse of discretion standard. Cummings, 295 N.J. Super. at 389 (citing CNF Constructors, Inc. v. Donohoe Const. Co., 57 F.3d 395, 401 (4th Cir. 1995)). An abuse of discretion occurs "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" U.S. Bank Nat. Ass'n v. Guillaume, 209 N.J. 449, 467-68 (2012) (quoting Illiadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

In his first point, Trava argues that Littlejohn's motion for reconsideration merely regurgitated the original motion she brought. He further asserts that the judge made no findings of fact, acting in "an arbitrary, capricious, or unreasonable manner before engaging in the actual reconsideration process." Further, Trava contends "that there were no new facts that were unavailable before the return date" of the Order to Show Cause. We disagree.

Candidly, the judge reversed himself because he recognized the validity of the bequest to Littlejohn. In her ten-page brief[3] in support of reconsideration, Littlejohn clarified that she no longer worked for Valley, thereby vitiating any concerns of corruption, bribery, or fraud, and less money would be distributed to Paruta's designated charities. Therefore, the judge expressed sufficient findings and rationale to support his decision.

Moreover, we are mindful that Paruta was in his eighties when he died. Littlejohn, as a Valley teller, was considered by Paruta to be "his friend." There was nothing about the size of the bequest – 1/11th of the residuary estate – to suggest that Paruta was overborne by undue influence. And there is no reason to depart from our longstanding jurisprudence of enforcing testamentary dispositions by citizens of our State who are "of full age and sound mind . . . as they . . . deem fit." Matter of Will of Liebl, 260 N.J. Super. 519, 525 (App. Div. 1992) (quoting Casternovia v. Casternovia, 82 N.J. Super. 251, 257 (App. Div. 1964)).

---

3

  Although motion briefs are not typically permitted in the appellate record, Rule 2:6-1(a)(2) allows same to be included when "the question of whether an issue was raised in the trial court is germane to the appeal." "Filed documents in the action bearing on the issues on appeal are required to be included in the appendix." Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 2:6-1(a)(2) (2019). Littlejohn's motion brief was properly included in her appendix.

We decline to address the executor's second point in his brief because it was not presented to the trial court. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). In his third point, the executor argues that the judge failed to provide the findings and reasoning supporting his decision.

Rule 1:7-4(a) clearly states that a trial "court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right . . . ." See Shulas v. Estabrook, 385 N.J. Super. 91, 96 (App. Div. 2006) (requiring an adequate explanation of basis for court's action). "Meaningful appellate review is inhibited unless the judge sets forth the reasons for his or her opinion." Strahan v. Strahan, 402 N.J. Super. 298, 310 (App. Div. 2008) (quoting Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990)). The failure to provide findings of fact and conclusions of law "constitutes a disservice to the litigants, the attorneys, and the appellate court." Curtis v. Finneran, 83 N.J. 563, 569-70 (1980) (quoting Kenwood Assocs. v. Board of Adjustment, 141 N.J. Super. 1 4 (App. Div. 1976)).

Here, the motion judge provided adequate findings and reasons for his conclusion on reconsideration. Saliently, he emphasized that Littlejohn resigned from Valley before she was served with documents relative to Paruta's bequest,

11

negating any "mischief" he may have previously contemplated. The judge admitted he originally felt Littlejohn quit working for Valley to circumvent the terms and conditions of its Code in order to receive the bequest. He later found she was not working for Valley when the will was probated and no "corruption, bribery, or fraud" was shown. He originally misunderstood the timeline of events, and despite participation by the Attorney General, recognized there really is "no case or controversy" in respect of the charitable bequests.

III.

Turning to the arguments raised by the Attorney General, we first address the assertion that the judge abused his discretion by allowing a layperson to represent the estate. Relying upon Rule 1:21-1(c), the Attorney General argues that "an entity, however formed for whatever purpose, other than a sole proprietorship shall neither appear or file any paper in any action in any court of this State except through an attorney authorized to practice in this State." The estate's attorney filed opposition to the motion for reconsideration but retired prior to the motion hearing. Citing Gobe Media Group, LLC v. Cisneros, 403 N.J. Super. 574, 579-80 (App. Div. 2008), the Attorney General contends that granting the motion constitutes a voidable judgment at the option of the adverse party, even if no objection was made to the motion judge, and further argues that

allowing Trava to represent the estate was an abuse of discretion warranting reversal. We disagree and find no abuse of discretion.

An estate is not a legal or business entity. Estate of Guerard v. Taxation Div. Dir., 4 N.J. Tax 368 (N.J. Tax 1982) (holding that estates are not an entity for the purpose of inheriting from another estate). In general, an attorney hired "to represent an estate represents the executor or executrix as a fiduciary and not the estate as an entity." Estate of Albanese V. Lolio, 393 N.J. Super. 355, 374 n.4 (App. Div. 2007) (emphasis added) (citing Estate of Fitzgerald, 336 N.J. Super. 458, 469 (App. Div. 2001)). Furthermore, the Administration of Estates statute, N.J.S.A. 3B:19-B-2, defines the term "person" as an "individual, corporation, business trust, estate, trust . . . or any other legal entity or commercial entity." Ibid. There is also nothing in the statute to suggest that an action brought by a fiduciary of an estate must be represented by counsel. See N.J.S.A. 3B:14-38. N.J.S.A. 3B:14-23(m) allows a fiduciary "to compromise, contest, or otherwise settle any claim in favor of the estate . . . and against the estate . . . ." Although a fiduciary may employ an attorney on behalf of an estate, it is not required. See N.J.S.A. 3B:14-23(1); see also N.J.S.A. 3B:14-38.

Therefore, there was no abuse of discretion by the judge. It was appropriate for the judge to allow the executor to represent the estate when the

attorney of record was not present for oral argument on the motion for reconsideration.

We have carefully considered the record in this matter and find insufficient merit in the executor's and Attorney General's other arguments to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E). We affirm substantially for the reasons set forth in the oral opinion of Judge Thomas J. LaConte that accompanied the January 26, 2018 order.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

14