# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 12, 2022

Lyle W. Cayce
Clerk

No. 21-50278

United States of America,

*Plaintiff—Appellee*,

*versus*

Brandon Hungerford,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:20-CR-320-1

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Brandon Hungerford challenges the 105-month sentence that followed his guilty plea to possession with intent to distribute five grams or more of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Specifically, he argues that (1) the written judgment conflicts with the district court's oral pronouncement, and (2) the district court erred by

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

failing to order that his federal sentence run concurrently with his then-anticipated state sentences, pursuant to U.S.S.G. § 5G1.3(c).

Neither argument need detain us long. First, as evidenced by the United States' concession, it is beyond dispute that the written judgment fails to acknowledge that Hungerford's sentence was to run concurrently with any state sentence imposed for evading arrest or detention with a vehicle. Legion precedent counsels that the oral pronouncement controls in situations like this. *See, e.g.*, *United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006). A limited remand to remedy the conflict is therefore justified. *See United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006).

Second, we disagree with Hungerford's belief that the district court erred in its application of U.S.S.G. § 5G1.3. Article III courts have discretion to order that federal sentences run concurrently or consecutively with their state counterparts. *See Setser v. United States*, 566 U.S. 231, 235–37 (2012); *see also* U.S.S.G. § 5G1.3. As the Sentencing Guidelines make clear, however, concurrent sentencing is typically appropriate where a state sentence is "based on conduct 'relevant' to the federal offense." *United States v. Ochoa*, 977 F.3d 354, 356 (5th Cir. 2020); *see also* U.S.S.G. § 5G1.3. The determination of what constitutes relevant conduct is a finding of fact that we review for clear error. *United States v. Barfield*, 941 F.3d 757, 761 (5th Cir. 2019).

Hungerford has not shown that his offenses were either groupable under U.S.S.G. § 3D1.2(d) or a part of the same course of conduct as the federal offense for which he was sentenced—possession with intent to distribute actual methamphetamine. *See* U.S.S.G. §§ 1B1.3(a)(2), 3D1.2(d); *see also United States v. Horton*, 993 F.3d 370, 377 (5th Cir. 2021). Neither has Hungerford presented any authority for his belief that "it is undeniable" the state offenses constituted "specific offense characteristics" as

contemplated by the Guidelines. *See* U.S.S.G. § 2D1.1 (enumerating relevant characteristics); *cf. United States v. Brunson*, 882 F.2d 151, 157 (5th Cir. 1989) (rejecting the use of enumerated characteristics from sections outside of the relevant guideline). *See generally* U.S.S.G. § 1B1.1(a)(2) (noting that specific offense characteristics are "contained in the particular guideline in Chapter Two"). Hungerford has thus failed to demonstrate any clear error.

For these reasons, we AFFIRM the judgment and REMAND to the district court for the limited purpose of conforming the written judgment to the oral pronouncement at sentencing.[1]

---

[1] Furthermore, though Hungerford does not raise the issue himself, the written judgment contains what appears to be a scrivener's error. The written judgment references an "offense date of 10/22/2020" for the then-pending state charges, but the record indicates that the actual date was October 12, 2020. We are confident that the district court will consider its authority to remedy this on remand. *See generally* FED. R. CRIM. P. 36.