In re GEORGE CINDRICH GENERAL CONTRACTING, INC., Debtor.

GEORGE CINDRICH GENERAL CONTRACTING, INC.,
Movant,

v.

INDEPENDENT HAULERS BUILDING MATERIAL AND CONSTRUCTION DRIVERS, HELPERS AND MATERIAL HANDLERS, TEAMSTERS LOCAL NO. 341, Respondent.

Bankruptcy No. 91–1259–BM.
Motion No. 91–4534M.

United States Bankruptcy Court,
W.D. Pennsylvania.

July 25, 1991.

J. Michael Baggett, Yurcheshen and Baggett, Pittsburgh, Pa., for debtor.

Stanford A. Segal, Gatz, Cohen, Segal and Koerner, P.A., Pittsburgh, Pa., for Teamsters, Local 341.

Bernhard Schaffler, Schaffler & Bohm, Pittsburgh, Pa., for Committee of Unsecured Creditors.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Before the Court is a Motion To Reject Collective Bargaining Agreement filed by George Cindrich General Contracting, Inc. ("debtor"); said agreement is presently in effect with respondent Teamsters Local No. 341 ("union").

Debtor contends that it has complied with all of the statutory requirements for rejecting the collective bargaining agreement. Union opposes the motion and denies that debtor has complied with all of the statutory requirements generally; and specifically, avers that debtor did not provide the most complete and reliable information available at the time of the proposal as is necessary to evaluate same.

Some months ago, in a prior Opinion, we spoke of a meeting between Justice Oliver Wendell Holmes and Judge Learned Hand. At the conclusion thereof Hand pursued Justice Holmes' horse drawn buggy and cried out to Holmes to "Do justice, Sir, do justice!". In admonishing Hand, Justice Holmes advised that it was not his duty or prerogative to do justice. His duty was to apply the law.

Were we granted authority to "Do justice, Sir", then clearly this contract would be temporarily modified. Without such, we are advised debtor can not reorganize, the Union employees will lose their jobs, and the community weakened by the loss of

this employer. Unfortunately we are not granted carte blanche to "do good and avoid evil". To the contrary, Congress has mandated specific elements necessary to the rejection of a collective bargaining contract. The basic threshold thereof must be crossed. Unfortunately for all parties concerned, this first step has not been taken.

Accordingly, debtor's motion will be denied for the reasons set forth below.

## —I—

### FACTS

Debtor is a general contractor engaged in the business of hauling building and construction materials and the rental of heavy equipment. Union is the authorized representative of certain hourly employees of Debtor.

In February of 1990, debtor and union entered into negotiations for a new collective bargaining agreement. Debtor sought concessions to same from union.

On February 14, 1990, during those negotiations, debtor provided union with an analysis of total labor costs at a proposed hourly wage of $10.00 and an analysis of the total hourly cost of operating a truck. The projected total labor cost at this hourly rate was $14.40. The projected hourly cost of operating a truck was $19.06. According to this analysis, debtor stood to make a profit at these rates of $2.54 per hour per truck.

In March of 1990, debtor and union executed a new collective bargaining agreement. The term of the agreement was from January 1, 1990 through December 31, 1991. The agreement provided that beginning in 1991, debtor would pay union employees an hourly wage of $11.00, health and welfare benefits equal to twenty percent (20%) of gross wages, and a tonnage rate of twenty-eight percent (28%) when debtor's trucks were leased on a tonnage basis. Union, in agreeing to these terms, granted concessions to debtor.

Debtor filed a voluntary Chapter 11 petition on April 17, 1991. Two days later debtor notified union that it had filed for bankruptcy and requested a meeting to discuss modifications of the provisions of the collective bargaining agreement.

Representatives of debtor met with union representatives on April 25, 1991 to discuss these matters. At this meeting, debtor provided union with a copy of debtor's incomplete bankruptcy petition and attached schedules. Union reviewed the petition and had questions concerning certain debts listed on the schedules, which questions debtor attempted to answer. Debtor then proposed modifications to the collective bargaining agreement during the pendency of Chapter 11 proceedings. Specifically, debtor proposed reducing the hourly wage from $11.00 to $8.00, reducing health and welfare benefits from 20% to 15% of gross wages, and reducing the tonnage rate from 28% to 25%. The meeting concluded with the union agreeing to give the debtor as prompt a response as possible. Union informed debtor later that same day that it could not agree to the proposed modifications.

Debtor notified union on May 1, 1991 that debtor intended to ask the bankruptcy court to approve the above proposed modification to the collective bargaining agreement.

On June 18, 1991, debtor filed the instant Motion To Reject Collective Bargaining Agreement. A hearing on the matter was scheduled for June 26, 1991. Counsel for union appeared at the hearing and requested a continuance because its witnesses were unavailable due to the short notice. The hearing was rescheduled, with the consent of the parties, for July 5, 1991.

## —II—

### ANALYSIS

■ A debtor may reject a collective bargaining agreement only in accordance with the requirements set forth in 11 U.S.C. § 1113(b) and (c). *See* 11 U.S.C. § 1113(a). Subsections (b) and (c) provide as follows:

(b)(1) Subsequent to filing a petition and prior to filing an application seeking rejection of a collective bargaining agreement, the debtor in possession or trustee

(hereinafter in this section 'trustee' shall include a debtor in possession), shall—

    **(A)** make a proposal to the authorized representative of the employees covered by such agreement, based on the most complete and reliable information available at the time of such proposal, which provides for those necessary modifications in the employees benefits and protections that are necessary to permit the reorganization of the debtor and assures that all creditors, the debtor and all of the affected parties are treated fairly and equitably; and

    **(B)** provide, subject to subsection (d)(3), the representative of the employees with such relevant information as is necessary to evaluate the proposal.

**(2)** During the period beginning on the date of the making of a proposal provided for in paragraph (1) and ending on the date of the hearing provided for in subsection (d)(1), the trustee shall meet, at reasonable times, with the authorized representative to confer in good faith in attempting to reach mutually satisfactory modifications of such agreement.

**(c)** The court shall approve an application for rejection of a collective bargaining agreement only if the court finds that—

    **(1)** the trustee has, prior to the hearing, made a proposal that fulfills the requirements of subsection (b)(1);

    **(2)** the authorized representative of the employees has refused to accept such proposal without good cause; and

    **(3)** the balance of the equities clearly favors rejection of such agreement.

11 U.S.C. § 1113.

The following requirements must be satisfied in order for a collective bargaining agreement to be rejected pursuant to section 1113:

    (1) debtor must make a proposal to union to modify the collective bargaining agreement (11 U.S.C. § 1113(b)(1)(A));

    (2) the proposal must be based on the most complete and reliable information available at the time of the proposal (11 U.S.C. § 1113(b)(1)(A));

    (3) the proposed modifications must be necessary to permit debtor to reorganize (11 U.S.C. § 1113(b)(1)(A));

    (4) the proposed modifications must assume that all creditors, debtor, and all affected parties are treated fairly and equitably (11 U.S.C. § 1113(b)(1)(A));

    (5) debtor must provide union with such relevant information as is necessary to evaluate the proposal (11 U.S.C. § 1113(b)(1)(B));

    (6) debtor must meet, at reasonable times, with union between the time of the making of the proposal and the hearing on the motion to reject the collective bargaining agreement (11 U.S.C. § 1113(b)(2));

    (7) debtor must confer in good faith in attempting to reach mutually satisfactory modifications of the agreement (11 U.S.C. § 1113(b)(2));

    (8) union must have rejected the proposal without good cause (11 U.S.C. § 1113(c)(2)); and

    (9) the balance of the equities clearly favors rejection of the collective bargaining agreement (11 U.S.C. § 1113(c)(3)).

*Matter of Sol–Sieff Produce Co.,* 82 B.R. 787, 791–92 (Bankr.W.D.Pa.1988) (*citing In re American Provision Co.,* 44 B.R. 907, 909 (Bankr.D.Minn.1984)).

The threshold issue in this case is whether debtor met element (5) above, which requires debtor to provide such relevant information as to enable union to evaluate the modifications to the collective bargaining agreement proposed by debtor at the April 25, 1991 meeting.

As noted, debtor provided union with a copy of debtor's incomplete bankruptcy petition and attached schedules at the April 25, 1991 meeting. Although the information contained therein gave some indication of debtor's general financial condition, it did not provide sufficient information to enable union to determine whether the specific concessions sought by debtor were reasonable or necessary. Debtor instead merely asserted at the meeting that it needed the proposed concessions without

providing anything to union to support or substantiate its assertion.

Debtor's contention that the information provided during the original negotiations for the collective bargaining contract in 1990 was sufficient to allow union to evaluate the modifications to the collective bargaining agreement is without merit.

■ The Code does not specify that the required information be provided to union contemporaneously with the proposal to modify the provisions of the collective bargaining agreement. All that is required is that debtor "provide ... the representative of the employees with such relevant information as is necessary to evaluate the proposal". 11 U.S.C. § 1113(b)(1)(B). Information provided *prior to* the filing of the bankruptcy petition may be considered in determining whether requirement (5) has been satisfied. *In re Wheeling–Pittsburgh Steel Corp.*, 50 B.R. 969, 981 (Bankr. W.D.Pa.1985), *reversed on other grounds*, *Wheeling–Pittsburgh Steel Corp. v. United Steel Workers of America*, 791 F.2d 1074 (3rd Cir.1986).

The circumstances presented in this case are such that the information provided on February 14, 1990 does not suffice to satisfy requirement (5). At no time during discussions concerning the proposed modifications did debtor refer to the information provided to union on February 14, 1990 or give any indication that its proposal could be evaluated on the basis of that information. For reasons which are unknown, debtor did not come forward on this matter but elected instead to keep union in the dark.

■ Even if the information presented to union on February 14, 1990 had been sufficient to enable union to evaluate the modifications proposed by debtor, the debtor failed to convey this information to the union. The information was originally provided in order to enable union to evaluate whether the terms of the collective bargaining agreement were acceptable. It would be unreasonable to expect union to infer, without some indication by debtor, that information which was over fourteen months old and provided for another purpose, was still valid and relevant to evaluating a modification of the collective bargaining agreement.

Were this court part of a fictional Ministry of Justice, debtor's motion would be granted. However, a strict application of the law in this case requires a holding denying debtor's motion. In so doing, this court acts with certain reservations. Denial of the motion in all likelihood will work an injustice to debtor, union, and general unsecured creditors. There is reason to expect that debtor will not be able to successfully reorganize if it must comply with the terms of the present collective bargaining agreement and that debtor will ultimately have to be liquidated under the provisions of Chapter 7. If this happens, debtor's union and non-union employees will lose their jobs. In addition, general unsecured creditors will probably receive less than they would if debtor were to reorganize. The end result is legal accuracy and hollow justice. However, "we must not be guilty of taking the law into our own hands and converting it from what it is to what we think it ought to be." John Duke Coleridge, Lord Chief Justice, *Regina v. Ramsey*, 1 C. & E. 126, 136 (1883). As such, in accordance with applicable law, this motion must be denied for failing to satisfy all of the statutory requirements as set forth in 11 U.S.C. § 1113.

An appropriate Order shall be entered.

### ORDER OF COURT

AND NOW at Pittsburgh in said District this 25th day of July, 1991, in accordance with the foregoing Memorandum Opinion of this same date, it is hereby ORDERED, ADJUDGED and DECREED that debtor's Motion To Reject Collective Bargaining Agreement is DENIED.