# James W. Painter

### v.

# Fred Whitaker Company

Record No. 850268

June 10, 1988

Present: All the Justices

*S. D. Roberts Moore (Guy M. Harbert, III; Gentry, Locke, Rakes & Moore*, on briefs), for appellant.
*John T. Jessee (Thomas T. Lawson; Bradley W. Fitzgerald; Woods, Rogers & Hazlegrove*, on brief), for appellee.

WHITING, J., delivered the opinion of the Court.

The dispositive issue in this appeal involves a civil litigant's right to withdraw his prior consent to a trial by a special three-member jury under Code § 8.01-359(D).

In February 1981, James W. Painter, a vice president and long-time employee of Fred Whitaker Company (Whitaker), a yarn dying company, severed all his connections with Whitaker. Whitaker sued Painter in March 1981, claiming that while Painter was an employee of Whitaker, Painter had breached the fiduciary duty he owed to Whitaker by (1) converting assets of Whitaker, (2) preempting Whitaker's opportunity to purchase manufacturing machinery, (3) disposing of Whitaker's products at less than market value, (4) making improper allowances and deductions to customers' accounts, and (5) establishing a competing business. Painter denied these averments and filed a counterclaim to recover the value of his capital stock, as provided in an October 1970 stock purchase agreement.

After the parties had engaged in discovery for a period of almost three years, the trial court entered an order dated March 5, 1984, requested by both counsel, fixing the case for trial before a special three-member jury on April 17, 1984. Counsel for Painter mistakenly advised Painter that the jurors would be selected from non-residents of the City of Roanoke. When Painter's counsel discovered that one of the persons Painter wanted as a juror did not reside in the City of Roanoke and, under Code § 8.01-359(D), would be ineligible to serve as a juror, he filed a motion on March

19, 1984 to withdraw as counsel and substitute other counsel. On that day, the trial court permitted Painter's original counsel to withdraw and noted the appearance of substitute counsel.

Substitute counsel immediately moved to vacate the order providing for a special three-member jury and requested the trial court to impanel a regular jury for the trial. After a hearing on March 26, 1984, the trial court denied the motion to vacate the previous order, finding that although the motion was timely made and Whitaker would not be prejudiced by the suggested change of juries, "the fundamental guideline . . . is how is the best way to handle this case, and I am of the opinion that this is the type of case that cries out for a special jury."

Whitaker argues that the trial court had the discretion to require a special three-member jury in the first instance, citing *Rust v. Reid*, 124 Va. 1, 24, 97 S.E. 324, 330 (1918); *Lemons v. Harris*, 115 Va. 809, 812, 80 S.E. 740, 741 (1914); *Southern R. Co. v. Oliver*, 102 Va. 710, 714-15, 47 S.E. 862, 864 (1904); and *Atlantic & Danville R. R. Co. v. Peake*, 87 Va. 130, 133-34, 12 S.E. 348, 348-49 (1890). None of these cases considers the impact of Code § 8.01-359(D), which the General Assembly enacted in 1950. Instead, those cases dealt with the denial of a special jury of the same number required in civil cases, requested to be from another venue by one of the parties, where local prejudice was asserted but not shown.

█ The right to request a jury from another venue where an impartial jury cannot be obtained locally is now codified in Code § 8.01-363.[1] In contrast, Code § 8.01-359(D) provides for special juries of three members if *agreed to* by all litigants.[2]

---

[1] Code § 8.01-363 reads in its entirety:
In any case in which qualified jurors who are not exempt from serving and who the judge is satisfied can render a fair and impartial trial cannot be conveniently found in the city or county in which the trial is to be, the court may cause so many jurors as may be necessary to be summoned from any other county or city by the sheriff thereof, or by its own officer, from a list prepared pursuant to article 3 (§ 8.01-343 et seq.) of this chapter and furnished by the circuit court of the county or city from which the jurors are to be summoned.

[2] Code § 8.01-359(D) provides:
In any civil case in which the consent of the plaintiff and defendant shall be entered of record, it shall be lawful for the plaintiff to select one person who is eligible as a juror and for the defendant to select another, and for the two so selected to select a third of like qualifications, and the three so selected shall constitute a jury in the case. They shall take the oath required of jurors, and hear and determine the issue,

■ In *Thomas* v. *Commonwealth*, 218 Va. 553, 556, 238 S.E.2d 834, 836 (1977), we held that a trial court abused its discretion in refusing to allow a defendant in a criminal case to withdraw his previous waiver of a jury trial. Thomas moved to withdraw his waiver 11 days before trial. Basing our decision on Article I, § 8 of the Constitution of Virginia and Code §§ 19.2-257 and -258, which provide for the right to trial by jury in criminal cases, we concluded that the trial court abused its discretion in refusing to permit the defendant to withdraw his previous waiver of jury trial where the motion was seasonably made, was not made for the purpose of delay, and the granting of the motion would not unreasonably delay the trial.

■ Article I, § 11 of the Virginia Constitution provides in pertinent part that "in controversies respecting property, and in suits between man and man, trial by jury is preferable to any other, and ought to be held sacred." Code § 8.01-336 provides in part that "[t]he right of trial by jury as declared by Article I, § 11 of the Constitution of this Commonwealth and by the statutes thereof shall be preserved inviolate to the parties."

Painter moved for a regular jury more than 30 days prior to trial; indeed, the trial court expressly found that the motion was timely made and that, if granted, Whitaker would not be prejudiced. Moreover, in contrast to *Thomas*, where the defendant assigned no reason for withdrawing the waiver other than his change of mind, Painter and his original counsel testified that Painter had consented to a special jury only because he received erroneous legal advice.

■ The sole reason given by the trial court for the denial of Painter's motion was that the special three-member jury was better able to decide the issues than a regular jury. A trial court may not compel a party to agree to a special three-member jury because it considers that body a superior trier of fact.

■ Given the clearly expressed constitutional purpose and legislative intent to preserve the right to trial by jury in both criminal and civil cases, we think that a consent to a special three-person jury under Code § 8.01-359(D) may be withdrawn before trial under *the same conditions enunciated in Thomas*. We hold, therefore, that Painter was entitled to withdraw his previous agreement

and any two concurring shall render a verdict in like manner and with like effect as a jury of seven.

to the special jury under these circumstances. Accordingly, we will reverse the case and remand it to the trial court for further proceedings.

*Reversed and remanded.*