# Catherine Edlow

## v.

# Alicia Arnold

Record No. 910675

February 28, 1992

Present: Carrico, C.J., Compton, Stephenson, Lacy, Hassell, Keenan, JJ.,
and Poff, Senior Justice

*Paul E. Turner, Jr.* for appellant.

*Terry H. Davis, Jr. (Harris, Fears, Davis, Lynch & McDaniel*, on brief), for appellee.

SENIOR JUSTICE POFF delivered the opinion of the Court.

This is a plaintiff's appeal from a judgment confirming a jury verdict for a defendant whose vehicle collided with the rear end of the plaintiff's vehicle. The plaintiff assigns error to the trial court's denial of her request to withdraw and change her last peremptory

jury strike, to the court's denial of her motion to set aside the verdict, and to the court's decision to grant certain jury instructions.

Catherine Edlow sued Alicia Arnold claiming $100,000 in damages for personal injuries sustained in the collision. The trial court excused one prospective juror for cause and seated a panel of thirteen. Under Code § 8.01-359, each party was entitled in such case to three peremptory strikes. Edlow's counsel avers that, in the process of exercising the plaintiff's third strike, he became confused about the seating arrangement of the members of the panel and drew a line through the name of one on the list he did not intend to strike. Having discovered his mistake before Arnold's counsel had exercised the defendant's third strike, he requested permission to make a change. In a sidebar conference, Arnold's counsel objected, and the trial court denied Edlow's request.

On appeal, Edlow argues that the court's ruling infringed upon her right under Article I, section 11, of the Constitution of Virginia to trial by jury. She reasons that, "in effect, [she] was only permitted two peremptory strikes (with Arnold having the benefit of four), contrary to the clear mandate of Section 8.01-359, Code of Virginia [parenthesis in original]."

■ In Virginia, the right to trial by jury extends to civil litigants as well as those accused of a criminal offense. Va. Const., art. I, § 11; Code § 8.01-336; *Painter* v. *Fred Whitaker Company*, 235 Va. 631, 634, 369 S.E.2d 191, 193 (1988). "All parties to [civil] litigation are entitled to a fair and impartial trial by a jury of persons who 'stand indifferent in the cause.' Code § 8.01-358." *Commercial Union Ins. Co.* v. *Moorefield*, 231 Va. 260, 265, 343 S.E.2d 329, 332 (1986). Whether a civil litigant has been denied the right to trial by such a jury is a question treated on appeal as one "addressed to the sound discretion of the trial court and, unless there has been abuse of that discretion, the judgment below will not be reversed on appeal." *Id.*

The same standard of appellate review applies to jury-related complaints raised in criminal appeals, including those raised in capital murder cases. "The manner in which jury selection is conducted is within the discretion and control of the trial court, guided by statute and rule of court. *See* Code § 8.01-358; Rule

3A:14." *Buchanan* v. *Commonwealth*, 238 Va. 389, 400, 384 S.E.2d 757, 764 (1989), *cert. denied*, 493 U.S. 1063 (1990).*

█ Edlow does not contend that any of the seven jurors seated to try her case were partial, unfair, or otherwise unqualified. Finding nothing of record to show that the trial court abused its discretion, we reject Edlow's first assignment of error.

At trial, neither party made a motion for summary judgment, and the case was submitted to the jury. Edlow objected to the instructions. The jury found for Arnold, and the verdict was confirmed by individual poll. The trial court overruled Edlow's motion to set aside the verdict and entered judgment on the verdict.

We turn now to the facts relevant to Edlow's other assignments of error. We do so in the light most favorable to Arnold, the prevailing party. *Holland* v. *Shively*, 243 Va. 308, 415 S.E.2d 222 (1992) (this day decided); *Cable* v. *Commonwealth*, 243 Va. 236, 415 S.E.2d 218 (1992) (this day decided). Aside from the evidence on the issue of damages which is not before us, the only evidence at trial was the testimony of the three eyewitnesses to the collision.

Edlow testified that, on the morning of March 8, 1989, she was driving to work along a service road approaching its intersection with Turnberry Boulevard where she planned to stop and pick up a passenger, Edwina Trader. Edlow said that "[i]t was icy that morning", that the radio commentator was advising motorists to "drive slow and be careful", and that she was travelling "about ten, maybe fifteen miles an hour." Edlow saw Trader standing near the intersection, applied her brakes at a distance of "four car lengths", and came to a stop in the road opposite Trader. As Edlow "leaned over to open the door for her", Arnold's car struck the back of Edlow's car, and Edlow suffered "a bad pain in [her] left side in the back".

Trader testified that the service road where she was standing was "fairly icy" but that "people were able to stop." When Edlow

· * *See also Fisher* v. *Commonwealth*, 236 Va. 403, 410, 374 S.E.2d 46, 50 (1988), *cert. denied*, 490 U.S. 1028 (1989); *Pope* v. *Commonwealth*, 234 Va. 114, 123-24, 360 S.E.2d 352, 358 (1987), *cert. denied*, 485 U.S. 1015 (1988); *Gray* v. *Commonwealth*, 233 Va. 313, 339, 356 S.E.2d 157, 171, *cert. denied*, 484 U.S. 873 (1987); *Tuggle* v. *Commonwealth*, 228 Va. 493, 504-05, 323 S.E.2d 539, 545-46 (1984), *vacated on other grounds*, 471 U.S. 1096, *aff'd on remand*, 230 Va. 99, 334 S.E.2d 838 (1985), *cert. denied*, 478 U.S. 1010 (1986); *Jones* v. *Commonwealth*, 228 Va. 427, 442-43, 323 S.E.2d 554, 562 (1984), *cert. denied*, 472 U.S. 1012 (1985).

stopped, Trader walked out into the road to enter the car, "saw another car coming", and "stepped back onto the sidewalk." Trader saw the wheels on the Arnold car "lock up" at a point "pretty close" to the Edlow car. Asked to particularize her statement that the Arnold car "was traveling very fast", she replied, "Oh, I'd say 15 miles an hour."

Arnold testified that, as she was leaving a shopping center parking lot, she stopped and then turned left onto the service road at a point "[a]pproximately five or six car lengths" behind the Edlow car which she saw near the intersection. "I was driving as careful as I could because of the conditions of that day," she said, and at a distance of two car lengths, "I applied my brakes, and I hit some ice, and then I hit Miss Edlow's car." Asked about her speed "when [she] applied the brakes", Arnold replied, "[a]pproximately five miles per hour" but "no more than" ten miles per hour. "I was going approximately five miles per hour," she said, "and I hit a patch of ice."

We consider, first, Edlow's challenge to the jury instructions. As interpreted by Edlow on brief, instruction "D", granted at Arnold's request, "provides, in short, that the mere happening of an accident is not proof of negligence." Invoking the rule applied in *Weems* v. *Blalock*, 226 Va. 304, 305-06, 309 S.E.2d 302, 303 (1983), Edlow contends that her evidence that Arnold's car struck the rear end of her car while it was lawfully stopped in the service road, "in and of itself, established a *prima facie* case of negligence [and] it was error to instruct the jury that the mere happening of this accident did not establish negligence."

We reaffirm the rule in *Weems*, most recently approved in *Garnot* v. *Johnson*, 239 Va. 81, 84, 387 S.E.2d 473, 475 (1990). We do not agree, however, with Edlow's interpretation of instruction "D" which reads as follows:

> The Court instructs the jury that the fact that there was an accident and that the plaintiff may have been injured does not, of itself, entitle the plaintiff to recover.

> The plaintiff has the burden of proving by the greater weight of the evidence that the defendant was negligent and that her negligence was the proximate cause of the plaintiff's injuries.

■ Obviously, the jury was never told that "the mere happening of this accident did not establish negligence" as Edlow says. To the contrary, the jury was instructed that proof of the happening of an accident "did not, of itself, entitle the plaintiff to recover." The right to recover, as the instruction explains, requires proof of negligence and proximate cause "by the greater weight of the evidence". As *Weems* teaches, a *prima facie* showing may be sufficient to support a recovery, but only in the absence of evidence that raises jury questions on those issues.

Pursuing the same complaint, Edlow contends that instruction "E" should not have been given because, she says, it "also improperly required Edlow to prove Arnold's negligence, despite the *prima facie* case established by the rear-end collision." That instruction reads as follows:

> The Court instructs the jury that if you believe from the evidence that Ms. Arnold operated her vehicle as a reasonable person would have done under the circumstances of this case, then she would not be negligent and you would return your verdict in favor of the defendant.

■ Read in isolation, the wording of instruction "E" may be an oversimplification. Read together with instruction "D", however, it is a fair statement of the rule that, in order to recover for a negligent tort, a plaintiff must prove by a preponderance of the evidence that the defendant was guilty of some act or omission which constituted a want of due care under the circumstances disclosed by the evidence.

Still, Edlow says that both instructions "were in conflict with this Court's holdings . . . as expressed in Edlow's instruction number 11." Instruction "11" reads as follows:

> If Ms. Edlow's vehicle was lawfully stopped in its lane of travel and was struck from the rear, you may find that Ms. Arnold was negligent unless you believe from other evidence that Ms. Arnold was not negligent.

■ We see no conflict. Instruction "11" paraphrases the rule in *Weems*. Instructions "D" and "E" define the right to recover. The three instructions, considered individually and collectively, recognize that proof of facts raising a *prima facie* case of negligence may be rebutted by other evidence.

We consider now Edlow's argument that the trial court erred in denying her motion to set aside the verdict. Edlow maintains that the trial court committed reversible error by refusing to rule, as a matter of law, that Arnold was guilty of negligence which was the proximate cause of the accident. Building upon the rule in *Weems*, Edlow says that Arnold was driving at a speed that was excessive on an ice-covered road and waited "until she was only two car lengths away before applying her brakes."

The flaw in Edlow's contention is that she selects and interprets the evidence in the light most favorable to the party whose view of that evidence was rejected by the jury. As noted above, we view the evidence and all reasonable inferences raised by that evidence in the light most favorable to the party who prevailed below.

"Whether the driver of a car has exercised the proper care under the given circumstances and whether the skidding of the car has resulted from his negligence are usually jury questions." *Whitley* v. *Patterson*, 204 Va. 36, 39, 129 S.E.2d 19, 21 (1963). "When circumstances, reasonably discernible, create a hazard, reasonably foreseeable, the standard of care the law imposes is that degree of care an ordinarily prudent person would exercise under similar conditions." *Trail* v. *White*, 221 Va. 932, 934, 275 S.E.2d 617, 619 (1981).

> [M]ere proof of the skidding of a motor vehicle on a slippery roadway does not establish negligence on the part of its operator, but is a circumstance to be considered along with all of the other evidence in determining whether negligence has been shown.

*Whitley*, 204 Va. at 38, 129 S.E.2d at 21; *accord Medlar* v. *Mohan*, 242 Va. 162, 165, 409 S.E.2d 123, 125 (1991).

We now compare Arnold's account of the circumstances and the sequence of events preceding the rear-end collision with that urged by Edlow. Arnold entered the service road at a distance of five or six car lengths from the intersection. Starting from a stop, she attained a speed of five to ten miles per hour, a speed that compares favorably with Edlow's speed approaching the intersection which she said was "about ten, maybe fifteen miles an hour". Arnold travelled three or four of the five or six car lengths along the service road and applied her brakes, a fact corroborated by

Trader's testimony. Then, she "hit a patch of ice" and skidded into the back of the Edlow car.

■ Having heard the testimony of the three eyewitnesses, assessed their credibility, and weighed the evidence in light of the instructions, the jury obviously concluded that Arnold had conducted herself as an ordinarily prudent person would have done under the circumstances prevailing. This was a finding of fact, the trial court confirmed that finding, and we will not substitute our judgment for that of the judge and the jury.

Finding no error in the proceedings below, we will affirm the judgment.

*Affirmed.*