**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: A. H. ROBINS COMPANY,
INCORPORATED,
<u>Debtor.</u>

GLENNA KIDD,                                                      No. 94-2639
<u>Claimant-Appellant.</u>

v.

DALKON SHIELD CLAIMANTS TRUST,
<u>Trust-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge.
(CA-85-1307-R)

Submitted: May 7, 1996

Decided: May 28, 1996

Before RUSSELL and WIDENER, Circuit Judges, and
CHAPMAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Glenna Kidd, Appellant Pro Se. Orran Lee Brown, Sr., DALKON
SHIELD CLAIMANTS TRUST, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Glenna Kidd appeals the district court's order denying her motion to show cause and denying reinstatement of her Dalkon Shield Claim. Finding no error, we affirm.

The Dalkon Shield Claimants Trust found no evidence that the Dalkon Shield had injured Kidd but offered her $125 in settlement of her Option Three claim. Kidd submitted additional medical evidence and requested that the Trust review her claim again. After reconsidering the claim, the Trust, still finding no evidence of injury from the Dalkon Shield, renewed its $125 offer. Kidd rejected the offer and elected to proceed to the in-depth review and settlement conference stage set forth in Claims Resolution Facility § E.4.

Upon further review of Kidd's file, the Trust discovered several documents offered in support of her claim which appeared to have been altered. The Trust placed Kidd's claim on administrative hold in order to determine whether the claim was fraudulent and should be disallowed. Ultimately, the Trust disallowed Kidd's claim because of improprieties in the presentation of the claim.

Kidd filed a motion to show cause, demanding that the district court direct the Trust to show cause why it had not paid her claim. Kidd contended that she was entitled to $5,000,000 in damages. The district court construed the show cause motion as a motion for reinstatement of the disallowed claim.

Kidd appeared pro se at the hearing on her motion. She admitted to altering several documents. Among other things, she altered a letter from Dr. Joseph Young. The copy of the letter which Dr. Young retained for his files stated in part, "total abdominal hysterectomy for dysplasia. Pathology report ca-in-situ of cervix." When Kidd pres-

2

ented this letter to the Trust in support of her claim, she had altered this entry to read, "total abdominal hysterectomy for dysplasia and Pelvic Inflammatory Desease [sic]."

On the second page of a Medical Records Request Form which Kidd submitted to the Trust, someone had typed,"At the time of the histerectomy [sic], the infection was so bad it was visible to the eye. and surely due to Dalkon." In response to the Trust's inquiry, Dr. Young wrote that this passage was not typed in his office or sent from his office. He noted that he did not have a typewriter with the sort of print in which this passage was typed. He further denied that he had signed the document, although "his" signature appears on the document. Finally, Dr. Young stated that it was impossible for him to say definitively that Mrs. Kidd's medical problems resulted from her use of the Dalkon Shield.

The district court determined that, because this was a personal injury action, the appropriate standard of proof was preponderance of the evidence. The court further held that Kidd bore the burden of establishing that it was more likely than not that her claim was genuine rather than fraudulent.

We review the district court's conclusions of law de novo. South Carolina State Ports Auth. v. M/V Tyson Lykes, 67 F.3d 59, 61 (4th Cir. 1995). As Kidd's claim was for personal injury, the district court correctly determined that the appropriate standard of proof was preponderance of the evidence. See Kilpatrick v. Bryant, 868 S.W. 2d 594, 598 (Tenn. 1993); Edlow v. Arnold, 415 S.E. 2d 436, 438 (Va. 1992).

The court's further holding that Kidd bore the burden of establishing by a preponderance of the evidence that her claim of injury caused by the Dalkon Shield was more likely genuine than fraudulent also was correct. Were this an ordinary tort action brought in Tennessee, where Kidd resides, or in Virginia, the burden would lie with Kidd to establish injury caused by the Dalkon Shield. Kilpatrick, 868 S.W. 2d at 598; Edlow, 415 S.E. 2d at 438. Further, the district court drew an analogy between the procedural posture of this case and a Fed. R. Civ. P. 60(b) motion or a motion for reconsideration of a disallowed claim in bankruptcy, 11 U.S.C. § 502(j) (1988). A Rule 60(b) movant

3

bears the burden of establishing a right to relief, <u>In re Salem Mortgage Co.</u>, 791 F.2d 456, 459 (6th Cir. 1986), as does one seeking reconsideration of a disallowed claim in bankruptcy, <u>In re H.R.P. Auto Center, Inc.</u>, 130 B.R. 24, 255 (N.D. Ohio 1991). We agree with the district court that Kidd was required to establish by a preponderance of the evidence that her claim was genuine.

The district court properly found that Kidd did not satisfy this burden. Kidd admitted that she altered documents she offered in support of her claim. Her physician has steadfastly maintained that he could not say for certain that Kidd's medical problems resulted from the Dalkon Shield use. Under these circumstances, the district court acted well within its discretion when it denied Kidd's motion to show cause and declined to reinstate her disallowed claim.

As our review of the record and other material before us reveals that it would not aid the decisional process, we dispense with oral argument. In light of our decision, the motion to expedite consideration of this appeal is denied as moot.

<u>AFFIRMED</u>

4