**Glenna KIDD, Plaintiff,**

v.

**DALKON SHIELD CLAIMANTS TRUST, Defendant.**

**C.A. No. 3:96cv642.**

United States District Court, E.D. Virginia, Richmond Division.

Sept. 13, 1996.

Glenna Kidd, Shelbyville, TN, pro se.

Orran L. Brown, Richmond, VA, for Defendant.

## MEMORANDUM

MERHIGE, District Judge.

This matter is before the Court on Plaintiff, Glenna Kidd's Motion Asking Two Judges to Remove Themselves From This Case For Abstraction [sic] Of Justice.[1] For the reasons which follow, the Court denies Kidd's Motion.

---

1. The Court notes that Kidd appears *pro se* and is mindful that courts must liberally construe the pleadings of *pro se* parties. *See Gordon v. Leeke*, 574 F.2d 1147, 1151–52 (4th Cir.) *cert. denied*, 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978); *Coleman v. Peyton*, 340 F.2d 603, 604 (4th Cir.1965). Accordingly, the Court construes Kidd's "Motion Asking Two Judges to Remove Themselves" as a request that Senior District Judge Robert R. Merhige, Jr. and Bankruptcy Judge Blackwell N. Shelley recuse themselves pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455.

## I.

This suit was removed to this Court by the Dalkon Shield Claimants Trust ("the Trust") pursuant to 28 U.S.C. § 1334(b) and § 1452(b), as a case related to the Chapter 11 bankruptcy proceeding of the A.H. Robins Co., and as presenting matters within this Court's exclusive retained jurisdiction under § 8.05 of the Sixth Amended and Restated Plan of Reorganization of the A.H. Robins Company ("the Plan").[2] On August 6, 1996, this Court, exercising that retained bankruptcy jurisdiction, entered an Order directing the Plaintiff to appear on September 25, 1996 at 1:00 p.m. and show cause as to why she should not be held in contempt for violating the injunction in § 8.04 of the Plan and this Court's Order of July 26, 1988 confirming the Plan. Subsequently, Kidd filed the instant motion asking that Judge Merhige and Bankruptcy Judge Shelly[3] recuse themselves from this case.

## II.

As a threshold matter, the Court must construe Kidd's Motion in order to determine the nature of relief sought. Two federal statutes, 28 U.S.C. § 144 and 28 U.S.C.

§ 455, address the potential disqualification of federal judges from matters pending before them. Title 28 U.S.C. § 144 provides a procedure by which a party can timely file an affidavit stating the presiding judge's personal bias or prejudice.[4] Title 28 U.S. § 455, on the other hand, is self-executing, requiring a presiding judge to disqualify himself under certain circumstances. *Compare* 28 U.S.C. § 144 with 28 U.S.C. § 455; *In re Beard,* 811 F.2d 818, 827 n. 15 (4th Cir.1987) (noting the distinction).

■ The Court finds that because Kidd has not filed a "sufficient affidavit ... stat[ing] the facts and reasons for the belief that bias or prejudice exits", nor has she filed a certificate verifying that her Motion is made in good faith, she has not properly invoked the procedure prescribed by 28 U.S.C. § 144.[5] Kidd's Motion is therefore construed by the Court as being made pursuant to 28 U.S.C. § 455.[6]

■ Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).[7] "Disqualification is required if a

2. Kidd filed a state court action against the Trust in the Circuit Court of the City of Richmond, *Glenna Kidd v. Dalkon Shield Claimants* Trust, Case No. 760CL96B01799–00, seeking $15 million in damages after this Court affirmed the Trust's disallowance of Kidd's claim and denied her leave to sue the Trust for the alleged mishandling of her claim. *In re A.H. Robins Co. (Kidd v. Dalkon Shield Claimants Trust)*, 197 B.R. 597 (E.D.Va.1994), *aff'd, In re A.H. Robins Co. (Kidd v. Dalkon Shield Claimants Trust)*, Case No. 94–2639, 1996 WL 279077 (4th Cir. May 28, 1996) *(per curiam )*.

3. The Court notes that because this action is one that was removed directly to the District Court from the Virginia Circuit Court, Bankruptcy Judge Shelley is not a presiding judge in this case. It is therefore unnecessary for him to recuse himself and this portion of Kidd's Motion is denied as moot.

4. Section 144 provides:
   Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

   The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists ... A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.
   28 U.S.C. § 144.

5. *See, e.g., United States v. Branch*, 850 F.2d 1080, 1083 (5th Cir.1988) (holding that denial of a § 144 motion appropriate when a party fails to accompany the motion with an affidavit and certificate), *cert. denied*, 488 U.S. 1018, 109 S.Ct. 816, 102 L.Ed.2d 806 (1989); *United States v. Sammons*, 918 F.2d 592, 598–99 (6th Cir.1990)(reaching same result); *Davis v. Fendler*, 650 F.2d 1154, 1162–63 (9th Cir.1981)(reaching same result); *Galella v. Onassis*, 487 F.2d 986, 997 (2d Cir.1973) (reaching same result).

6. Because 28 U.S.C. § 455 places a duty directly upon the judge to evaluate his own actions, it does not require that an affidavit be filed. *Beard*, 811 F.2d at 827.

7. 28 U.S.C. § 455 also lists in sub-section (b) five specific circumstances in which a judge shall disqualify himself, none of which apply in this case.

reasonable factual basis exists for doubting the judge's impartiality." *Beard,* 811 F.2d at 827. However, when there is no reasonable basis for questioning a judge's impartiality, it is improper for the presiding judge to recuse himself. *United States v. Glick,* 946 F.2d 335, 336–37 (4th Cir.1991). In other words, there is as much an obligation for a judge not to recuse himself when there is no occasion for him to do so as there is for him to do so when recusal is warranted. *See id.; United States v. Burger,* 964 F.2d 1065, 1070 (10th Cir.1992). Ultimately, a motion made under § 455 is committed to sound discretion of the district judge. *In re Virginia Elec. & Power Co.,* 539 F.2d 357, 369 (4th Cir.1976).

■ The Fourth Circuit Court of Appeals addressed the analysis to be employed when considering a motion made pursuant to § 455 in *In re Beard,* 811 F.2d 818 (4th Cir.1987). There, the Court stated that the essential inquiry under § 455 is not whether the judge is in fact impartial, but, rather, "whether a reasonable person would have a reasonable basis for questioning the judge's impartiality." *Id.* at 827. Further:

> [t]he alleged bias must derive from an extra-judicial source. It must result in an opinion on the merits on a basis other than that learned by the judge from his participation in the matter. The nature of the judge's bias must be personal and not judicial. A judge is not disqualified because his familiarity with the facts of a case stem from his judicial conduct in presiding over earlier proceeding.

*Id.* (citations omitted).

The thrust of Kidd's Motion is that the judge in this case is biased in favor of the Trust and that the judge has abused his jurisdiction over the retained proceedings. (Pl.'s Mot. at 1). In support of her Motion, Kidd offers essentially three arguments. Kidd points out that: (1) counsel for the Trust have hand-delivered pleadings to the Bankruptcy Court (Pl.'s Mot. 1); (2) the Court has previously rejected Kidd's arguments and has refused to reinstate her disallowed claim (Pl.'s Mot. at 2–4); and (3) other parties have sought to have Judge Merhige and Bankruptcy Judge Shelley removed from the *Robins* bankruptcy case (Pl.'s Mot. at 5).[8] The Court finds Kidd's arguments to be without merit.

■ With respect to Kidd's first argument, the Court simply notes that it is routine practice for counsel in any case to deliver their pleadings directly to the Clerk of the Court. In fact, Kidd could do so herself if she chose. This practice does not constitute an *ex parte* communication and certainly does not affect a judge's impartiality in the matter for which the pleading is being filed.

■ The Court likewise rejects Kidd's second argument. The law of this Circuit is well-settled that an allegation of judicial bias must derive from an *extra-judicial* source. *Beard,* 811 F.2d at 827. Kidd's dissatisfaction with this Court's previous adverse rulings does not constitute sufficient grounds for disqualification of the presiding judge in this case. *Id.*

■ Finally, with respect to Kidd's third argument, the fact that other parties have sought recusal, and failed, does not constitute basis for recusal in this instance.

## III.

The Court has considered Kidd's Motion and, mindful of the analysis set forth by the Fourth Circuit in *Beard,* finds that a reasonable person would not have a reasonable basis for questioning the presiding judge's impartiality in this case. Accordingly, it would be improper for the judge to recuse himself. Kidd's Motion must therefore be DENIED.

An appropriate Order shall issue.

---

**8.** *See In re Beard,* 811 F.2d 818 (4th Cir.1987) (writ of mandamus to disqualify Judge Merhige under 28 U.S.C. § 455 denied).