## CIRCUIT COURT OF THE CITY OF SALEM

Donnovan M. Young

v.

Theresa W. Robinson

November 13, 1997

Case No. CL95-95

BY JUDGE ROBERT P. DOHERTY, JR.

The jury heard conflicting evidence in this Minor Impact Soft Tissue (MIST) rear end automobile collision. Plaintiff's evidence was that he stopped for a red light in a long line of traffic for approximately 15 to 30 seconds prior to impact. Defendant testified that the Plaintiff's vehicle was second in line; that she stopped appropriately behind him; that when the light turned green, the first car went through the intersection and the Plaintiff's car started through the intersection but stopped abruptly for no apparent reason, causing her to slide on the wet pavement and hit Plaintiff's vehicle. After the accident, the Defendant asked the Plaintiff why he had stopped, but he did not answer her. The jury returned a verdict for the Defendant. Plaintiff asks that the Court set the jury verdict aside and find as a matter of law that the Defendant's negligence was the cause of the accident. The Court finds that the matter was properly submitted to the jury to resolve the conflicts in the evidence.

The evidence in this case must be viewed in the light most favorable to the prevailing party. The jury determined that the Plaintiff, after having stopped for a red light, proceeded into the intersection when the light turned green and, for no apparent reason, stopped suddenly. His vehicle was then struck in the rear by the vehicle driven by the Defendant. As argued by the Defendant, "Whether the driver of a car has exercised the proper care under the given circumstances and whether the skidding of the car has resulted from negligence are usually jury questions." *Edlow v. Arnold*, 243 Va. 345, 351 (1992).

The Plaintiff's argument that a prima facie case of negligence was established by proof that the Defendant struck his vehicle in the rear is not sufficient to set the jury verdict aside. That evidence was rebutted by the testimony of the Defendant. Likewise, the Plaintiff's argument that he was not contributorily negligent only applies if the Plaintiff's facts are accepted, and they were not. The Court cannot substitute its own opinion for that of the jury on the question of the credibility of the witnesses. The decision of the jury was within the range of reasonableness and will not be changed.