Present:  All the Justices

LORI ANN SUPINGER

v.  Record No. 970423        OPINION BY JUSTICE CYNTHIA D. KINSER
                                     January 9, 1998
GLORIA STAKES

              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY

                    Arthur B. Vieregg, Jr., Judge

     At issue in this appeal is the constitutionality of Code

§ 8.01-383.1(B) in cases where the damages are unliquidated.[1]

This section allows a trial court to use additur when it

determines that the damages awarded by a jury are inadequate.

Because we find that Code § 8.01-383.1(B), as written and as

applied in this case, violates an individual's right to a jury

trial as guaranteed in the Constitution of Virginia art. I, § 11,

---

[1] Code § 8.01-383.1 provides as follows:

   **Appeal when verdict reduced and accepted under protest;
new trial for inadequate damages.** --  A.  In any action at
law in which the trial court shall require a plaintiff to
remit a part of his recovery, as ascertained by the verdict
of a jury, or else submit to a new trial, such plaintiff may
remit and accept judgment of the court thereon for the
reduced sum under protest, but, notwithstanding such
remittitur and acceptance, if under protest, the judgment of
the court in requiring him to remit may be reviewed by the
Supreme Court upon an appeal awarded the plaintiff as in
other actions at law; and in any such case in which an
appeal is awarded the defendant, the judgment of the court
requiring such remittitur may be the subject of review by
the Supreme Court, regardless of the amount.
   B. In any action at law when the court finds as a matter
of law that the damages awarded by the jury are inadequate,
the trial court may (i) award a new trial or (ii) either
require the defendant to pay an amount in excess of the
recovery of the plaintiff found in the verdict or submit to
a new trial.
     If additur pursuant to this section is accepted by
either party under protest, it may be reviewed on appeal.

The constitutionality of § 8.01-383.1(A)(remittitur) is not at
issue in this appeal.

we will reverse the judgment of the circuit court.

                                    I.

This appeal arises from a jury verdict rendered in a case involving an automobile accident that occurred between Lori Ann Supinger (Supinger) and Gloria Stakes (Stakes) on August 22, 1994, in Fairfax County.  Following the accident, Supinger filed a motion for judgment alleging that Stakes' negligence caused the collision.  After a trial, the jury returned a verdict in favor of Supinger and awarded her damages in the amount of $515.50.  On June 11, 1996, the trial court entered a final order in accordance with the jury's verdict.

Following entry of the court's order, Supinger moved the trial court to set aside the jury verdict and to award her a new trial.  On June 25, 1996, the trial court  suspended its final order pending the disposition of Supinger's motion. Subsequently, in a letter opinion dated July 23, 1996, the trial court agreed with Supinger that the jury's damage award was inadequate as a matter of law.  However, the court denied Supinger a new trial, and held, instead, that the use of additur would be appropriate.  The court determined that an award of $5,000 would "fairly compensat[e]" Supinger for her pain and suffering, her time lost from work, and any inconvenience caused by the accident.  The court then gave Stakes the option of either paying the $5,000 to Supinger or submitting to a new trial.[2] Finally, the court stated that, contrary to Supinger's

_____

[2] Stakes agreed, under protest, to pay the $5,000 rather than submit to a new trial.

assertions, it "may order additur irrespective of whether or not additur is specifically sought by a disappointed plaintiff."

In response, Supinger filed a motion to reconsider arguing, inter alia, that Code § 8.01-383.1(B) violates her right to a jury trial because this statute allows the trial court to use additur without her consent. In a letter opinion dated September 16, 1996, the trial court denied Supinger's motion and upheld the constitutionality of Code § 8.01-383.1(B), stating that the court "must presume the constitutionality of acts of the General Assembly in the absence of a clear indication that the legislative act is unconstitutionally unsound." After also denying Supinger's supplemental motion for reconsideration, the trial court entered final judgment in favor of Supinger on December 2, 1996, and awarded her $5,000 in damages. Supinger appeals.

II.

Supinger contends that Code § 8.01-383.1(B) violates her constitutional right to a jury trial because it allows the trial court to use additur without her consent. In considering her constitutional challenge, we adhere to the well-settled principle that all actions of the General Assembly are presumed to be constitutional. Etheridge v. Medical Center Hospitals, 237 Va. 87, 94, 376 S.E.2d 525, 528 (1989). This Court, therefore, will resolve any reasonable doubt regarding a statute's constitutionality in favor of its validity. Blue Cross of Virginia v. Commonwealth, 221 Va. 349, 358, 269 S.E.2d 827, 832 (1980). Any "judgment as to the wisdom and propriety of a

statute is within the legislative prerogative," and this Court "will declare the legislative judgment null and void only when the statute is plainly repugnant to some provision of the state or federal constitution." Id., 269 S.E.2d at 832-33 (citing Newport News v. Elizabeth City County, 189 Va. 825, 831, 55 S.E.2d 56, 60 (1949)).

Article I, § 11 of the Constitution of Virginia provides, inter alia, "[t]hat in controversies respecting property, and in suits between man and man, trial by jury is preferable to any other, and ought to be held sacred." "In Virginia, the right to trial by jury extends to civil litigants . . . ," and they are entitled to a fair and impartial jury trial. Edlow v. Arnold, 243 Va. 345, 347, 415 S.E.2d 436, 437 (1992); see Code § 8.01-336. "Trial by jury is a sacred right, and should be sedulously guarded." Buntin v. City of Danville, 93 Va. 200, 212, 24 S.E. 830, 833 (1896).

The role of a jury is to settle questions of fact. Forbes & Co. v. So. Cotton Oil Co., 130 Va. 245, 263, 108 S.E. 15, 33 (1921). "The resolution of disputed facts continues to be a jury's sole function." Etheridge, 237 Va. at 96, 376 S.E.2d at 529. "Without question, the jury's fact-finding function extends to the assessment of damages." Id. The initial question, therefore, is whether in cases involving unliquidated damages, the use of additur without the plaintiff's consent usurps the jury's fact-finding function and thus deprives the plaintiff of a full and fair jury trial.[3]

_____

[3] By consenting to additur, the plaintiff waives the right

Before a trial court can utilize remittitur or additur, it must first find that a jury verdict is either excessive or inadequate, respectively, as a matter of law.  See Code § 8.01–383.1.  Inherent in such a conclusion is the trial court's finding that the jury was "influenced by passion, corruption or prejudice" or "misconceived or misunderstood the facts or the law," and that, therefore, the verdict was not "the product of a fair and impartial decision."  Rutherford v. Zearfoss, 221 Va. 685, 689, 272 S.E.2d 225, 227–28 (1980) (quoting Smithey v. Refining Co., 203 Va. 142, 146, 122 S.E.2d 872, 876 (1961)).  In this situation, the aggrieved party has not had a proper jury trial and is therefore entitled to a new trial.  Thus, when the trial court uses remittitur or additur in lieu of proceeding with a new trial, it is attempting to restore the benefits of the constitutional right to a full and fair jury trial.  Indeed, prior to the General Assembly's 1994 amendment of Code § 8.01–383.1 allowing for the use of additur, a plaintiff who demonstrated that the verdict was inadequate as a matter of law was entitled to a new trial.  See Code § 8.01–383.

However, an examination of the analytic differences between remittitur and additur raises the question whether the use of additur, without the plaintiff's consent, does, in fact, restore to the plaintiff the right to a full and fair jury trial.  In remittitur, the trial court reduces an excessive verdict to an amount supported by the evidence. The amount of damages eventually awarded by the trial court is an amount that the jury

to a jury trial.  See Code § 8.01–336(B).

actually passed on in arriving at its verdict.[4]  Thus, the jury determines the damages, and the court merely reduces the verdict to an amount that represents a full and fair award.  "Once the jury has ascertained the facts and assessed the damages, . . . the constitutional mandate is satisfied," and "it is [then] the duty of the court to apply the law to the facts."  Etheridge, 237 Va. at 96, 376 S.E.2d at 529.

In contrast to remittitur, when a trial court uses additur, the increased award is not an amount passed on by the jury in arriving at its verdict.  Thus, in additur, the ultimate award includes an amount that was never assessed by the jury.  Therefore, the use of additur without the plaintiff's consent requires the plaintiff to forego the right to have a jury fully and fairly determine the amount of damages, thereby violating the plaintiff's right to a jury trial guaranteed in art. I, § 11 of the Constitution of Virginia.  To avoid constitutional infirmity, the additur process must allow the plaintiff the option of either having a new trial or submitting to additur.  The presence of such an option recognizes that the plaintiff has a right to a second jury trial, since the first one was defective, and, therefore, renders additur a constitutionally adequate substitute for a new trial.

Although not binding on this Court because it addressed the right to a jury trial under the Seventh Amendment of the United

---

[4] For example, if a jury awards $1,000 in damages and the trial court, using remittitur, reduces the amount to $500, the jury, in awarding $1,000, necessarily also found damages in the amount of $500.

States Constitution, see Pearson v. Yewdall, 95 U.S. 294 (1877), we find the reasoning in Dimick v. Schiedt, 293 U.S. 474 (1935), persuasive.  In Dimick, the Court stated that the remittitur practice in the case of an excessive verdict "is not without plausible support in the view that what remains is included in the verdict along with the unlawful excess -- in [the] sense that it has been found by the jury -- and that the remittitur has the effect of merely lopping off an excrescence."  Id. at 486.  In contrast, however, where an inadequate verdict is increased by the court, there is a "bald addition of something which in no sense can be said to be included in the verdict."  Id.  Further, if additur is done with the consent of the defendant alone, the plaintiff is compelled to forego his "constitutional right to the verdict of a jury and accept 'an assessment partly made by a jury which has acted improperly, and partly by a tribunal which has no power to assess.'"  Id. at 487.

Contrary to Stakes' argument, our decision in Etheridge does not compel a different result.  In Etheridge, we held that the limitation on medical malpractice recoveries contained in Code § 8.01-591.15 does not violate the plaintiff's right to a jury trial.  We reasoned that since the trial court applies the statutory remedy only after the jury has fulfilled its fact-finding function, Code § 8.01-591.15 allows a jury to resolve disputed facts and assess damages.  As in remittitur, when a jury returns a verdict in excess of the statutory cap, the amount of the cap is an amount passed on by the jury.  Moreover, the original jury verdict in Etheridge exceeded the statutory limit

but was not otherwise the result of jury misunderstanding or prejudice. Etheridge, 237 Va. at 96-97, 376 S.E.2d at 529. Therefore, a new trial was not necessary as the plaintiff had not been denied the right to a full and fair jury trial. In contrast to Code § 8.01-591.15, an inadequate verdict, with the explicit finding of jury misconduct or misunderstanding, and ensuing right to a new trial initiate the use of additur.

Therefore, we conclude that for the additur process to be constitutional in cases involving unliquidated damages, the plaintiff must have the opportunity either to consent to the use of additur or to have a new trial. This conclusion is not meant to disparage or discourage the laudable goal of judicial efficiency that the utilization of additur promotes. Rather, this decision is limited to what procedure is necessary to render the additur process constitutionally sound. Accordingly, we now examine Code § 8.01-383.1(B) to determine if it permits the plaintiff to consent to the use of additur and is therefore constitutional.

The discussion of a statute's constitutionality necessarily requires a close examination of the statutory language. In doing so, this Court is mindful that "[t]he province of [statutory] construction lies wholly within the domain of ambiguity, and that which is plain needs no interpretation." Winston v. City of Richmond, 196 Va. 403, 408, 83 S.E.2d 728, 731 (1954). "Language is ambiguous when it may be understood in more than one way, or simultaneously refers to two or more things. If the language is difficult to comprehend, is of doubtful import, or lacks

clearness and definiteness, an ambiguity exists." Lee-Warren v. School Bd. of Cumberland County, 241 Va. 442, 445, 403 S.E.2d 691, 692 (1991). We hold that Code § 8.01-383.1(B) as written is clear on its face; therefore, in interpreting the statute, this Court will look no further than the plain meaning of the statute's words. City of Winchester v. American Woodmark Corp., 250 Va. 451, 457, 464 S.E.2d 148, 152 (1995).

In applying the plain meaning rule, this Court constantly strives to determine and to give effect to the intention of the legislature. Barr v. Town & Country Properties, Inc., 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990). Therefore, "we must . . . assume that the legislature chose, with care, the words it used when it enacted the relevant statute, and we are bound by those words as we interpret the statute." Id. In sum, "[c]ourts are not permitted to rewrite statutes. This is a legislative function. The manifest intention of the legislature, clearly disclosed by its language, must be applied. There can be no departure from the words used where the intention is clear." Anderson v. Commonwealth, 182 Va. 560, 566, 29 S.E.2d 838, 841 (1944).

Turning to Code § 8.01-383.1(B), we find that the statute gives the trial court two options after it determines the verdict to be inadequate as a matter of law:
> [T]he trial court may (i) award a new trial or (ii) either require the defendant to pay an amount in excess of the recovery of the plaintiff found in the verdict or submit to a new trial.

(Emphasis added). Notably, the trial court, not the plaintiff,

has the initial choice of awarding a new trial or employing additur to correct the verdict. Once the trial court decides to use additur, the defendant, not the plaintiff, can either accept additur or submit to a new trial. Thus, reading the words as written and chosen by the General Assembly, the statute does not give the plaintiff the option of consenting to or declining to accept the use of additur. The statute instead compels the plaintiff to accept the trial court's decision either to conduct a new trial or to utilize additur.

Nor do we find that Code § 8.01-383.1(B) implicitly gives the plaintiff the option of either consenting to additur or choosing a new trial. The General Assembly knew how to provide a party with options as § 8.01-383.1(A) explicitly requires the plaintiff either "to remit part of his recovery . . . or submit to a new trial." Further, the last sentence in § 8.01-383.1(B) provides both parties with the option of accepting additur with or without protest.[5] The presence of explicit options in other areas of the statute suggests that the absence of any statutory language giving the plaintiff the right to choose to consent to additur over a new trial was an intentional omission. In other words, the General Assembly intended the plaintiff's only option to be whether to protest the amount awarded and not whether to consent to additur.

As stated earlier, we will not infer a legislative intent that is not evident in the statutory language. To do otherwise

---

[5] This option occurs only after the court has decided to use additur and allows the plaintiff to protest only the amount of the award.

would be to rewrite the statute, giving it a construction not intended by the legislature.  Therefore, we conclude that, in cases involving unliquidated damages, Code § 8.01-383.1(B), as written, violates art. I, § 11 of the Constitution of Virginia because it fails to require the plaintiff's consent to additur.[6]

### III.

Following the jury verdict in the instant case, Supinger filed a motion for a new trial.  After finding that the verdict was inadequate as a matter of law, the trial court, acting pursuant to Code § 8.01-383.1(B), <u>sua sponte</u> increased the award to an amount it found to be sufficient to compensate Supinger.  Supinger did not have the opportunity to consent to the use of additur and was required to forego her right to have a new jury assess her damages.  Thus, the trial court, in its application of Code § 8.01-383.1(B), denied Supinger her right to a jury trial.

For these reasons, we hold that Code § 8.01-383.1(B) is unconstitutional, both as written and as applied in this case.  Accordingly, we will reverse the judgment of the circuit court and remand this case for proceedings consistent with this opinion.[7]

<u>Reversed and remanded.</u>

JUSTICE KOONTZ, concurring.

---

[6] The right to a jury trial extends to both the plaintiff and the defendant.  However, since Code § 8.01-383.1(B) already provides the defendant the opportunity to consent to additur, the statute does not deny the defendant the right to a jury trial.

[7] Supinger also contends that even if Code § 8.01-383.1(B) is constitutional, the trial court erred in using additur when Supinger requested only a new trial.  Since we find that Code § 8.01-383.1(B) is unconstitutional, we do not address this additional argument.

I concur with the holding of the majority in this case insofar as it determines that the trial court erroneously applied § 8.01-383.1(B) to deny the plaintiff her right to a jury trial on the amount of her damages when she did not request or consent to additur.

However, in light of the well established principles of deference to the constitutionality of acts by the legislature acknowledged in the majority's scholarly analysis, it is not necessary or warranted to hold that § 8.01-383.1(B), as written, violates the plaintiff's right to a jury trial as guaranteed by the Constitution of Virginia. We have consistently held that "[i]f a statute can be made constitutionally definite [and, thus, not repugnant to some provision of the constitution] by a reasonable construction, the court is under a duty to give it that construction." Pedersen v. City of Richmond, 219 Va. 1061, 1065, 254 S.E.2d 95, 98 (1979).

Applying these principles, this statute is not constitutionally infirm, in my view, because reasonably construed it is implicit within its framework that before the trial court may use additur to correct an inadequate verdict, rather than the award of a new trial, the plaintiff must have requested additur. Such a request is both a waiver of the plaintiff's right to a new jury trial and consent to additur. In addition, such a request then permits the trial court, under the express terms of the statute, to put the defendant to the election of paying the additur or submitting to a new trial. In this way neither the plaintiff nor the defendant is denied the

constitutionally guaranteed jury trial.  In my view, this is also entirely consistent with an intent by the legislature to ensure that guarantee to both parties.

Code § 8.01-383.1(B) is not invoked, nor should it be construed, in a vacuum.  It is clear that this statute is invoked only upon the plaintiff's challenge to the adequacy of the verdict and upon the trial court's finding that the verdict is inadequate as a matter of law.  It strains reason and common sense to contemplate that a defendant would challenge the verdict as inadequate, and thus invoke the statute.

In this context, the relief sought by the plaintiff controls the dispositional alternatives available to the trial court under the express terms of the statute.  Moreover, these alternatives ensure the right to a jury trial to both parties.  Thus, where the plaintiff seeks a new trial and does not consent thereafter to additur, the trial court is permitted only to award a new trial.  In contrast, when the plaintiff requests additur, and thereby waives the right to a new jury trial, the trial court is permitted to require the defendant to pay additur or to submit to a new trial.

In the present case, because the plaintiff did not request or consent to additur, but rather only requested a new trial, and the trial court found that the verdict was inadequate as a matter of law, I would hold that the trial court did not properly apply Code § 8.01-383.1(B), which as written is constitutionally sound, and would reverse and remand on that basis only.