# CIRCUIT COURT OF THE CITY OF RICHMOND

Loretta Coleman

v.

Lazaro A. Romero
and LaTonya Waller

Case No. LC-399-1

Robert Banner,
an infant, etc.

v.

Lazaro A. Romero
and LaTonya Waller

Case No. LC-595-3

BY JUDGE MELVIN R. HUGHES, JR.

August 18, 1998

At the conclusion of the trial of these two cases, which were consolidated for trial by jury, the jury returned verdicts for the amount of special damages in each case.

After the jury was discharged, plaintiff moved for additur. After some discussion between counsel and the court concerning the additur statute, Va. Code § 8.01-383.1(B), and the Supreme Court's decision in *Supinger v. Stakes*, 255 Va. 198 (1998), the court took the matter under advisement. After due consideration, I decide to award additur to the plaintiffs. In the case of Loretta Coleman, the court will allow a total of $18,500. In the case of Robert Banner, the court will allow a total of $1,200. These amounts are set according to the evidence as to all damage elements relative thereto, including, of course, general damages which the court finds the jury did not account for in its verdicts and were inadequate.

If either side wishes to reject this, then, by the provisions of the Statute, a new trial will be ordered. Because I believe the issue of liability "is not distinctly separate from the matters of liability or the evidence with reference to liability has probably exerted a material influence upon the jury in determining the amount of the verdict or the evidence warrants the inference that, instead of deciding the question of liability, the jury ... arbitrarily determined to make both parties bear a part of the burden of the injury," a new trial will be granted on all issues. *Rome v. Kelly Springfield*, 217 Va. 943, 948 (1977). See also *Rawle v. McIlhenny*, 163 Va. 735, 750 (1934). Please advise as soon as possible whether the additur is accepted or rejected.

December 15, 1998

I have read *Galligan v. Galligan*, No. 1406-97-4 (Va. App. Dec. 9, 1997), the case plaintiff relies on in support of Plaintiffs' Motion To Enforce Judgment argued December 9, 1998.

These cases were consolidated for trial by a jury which occurred on August 12, 1998. The jury returned verdicts for the plaintiffs for the exact amount of medical or other specials for each. Plaintiffs then moved for additur. The court later granted the motions for the reasons stated in a letter dated August 18, 1998, which was incorporated by reference in an order entered the same day. The parties were advised that, in the event either side rejected additur, there would be a new trial pursuant to § 8.01-383.1(B) and that any new trial would be on all issues. The order indicated that the case is "continued generally."

On August 19, counsel for defendant advised the court by letter that the defendant was opposed to additur, saying "my client declines to accept such additional award and requests a new trial on all issues in the case."

As noted, plaintiffs rely on the *Galligan* case arguing that, with the passage of twenty-one days, the August 18, 1998, order is a final judgment order. In *Galligan* the wife in a divorce proceeding appealed the trial court's determination that a decree was final.

The parties were divorced by decree entered April 23, 1996. The decree stated that neither party sought spousal support or a share of retirement benefits, and the decree distributed the parties' other property. The decree ordered wife to sell the former marital residence and granted husband exclusive possession of the residence with sole responsibility for the mortgage payments. The decree further recited the following:

And this cause is continued for the purpose of entering any additional orders necessary to effectuate and enforce this order pursuant to Section 20-107.3(k).

Both parties endorsed the decree without exception.

*Galligan*, No. 1406-97-4, Slip Op. at 1. After the decree was entered and after twenty-one days had passed, wife sought certain relief but the court denied the request on the basis that the decree could not be modified beyond twenty-one days. The court stated:

> Although the trial judge retained authority pursuant to § 20-107.3(k) to enter further orders to implement the sale of the marital residence, this authority did not affect the finality of the decree as to matter resolved in the decree and to which the parties preserved no objections.

*Galligan*, No. 1406-97-4, Slip Op. at 2. In the case at bar, the court was acting under the authority of § 8.01-343(1)(B) in ruling on the request for additur. While, as plaintiff argues, the issue of additur was resolved in the August 18, 1998, order, the question of whether there would or would not be a new trial at either party's instance under the terms of § 8.01-343.1(B) was not. The section in its pertinent part reads:

> B. In any action at law when the court finds as a matter of law that the damages awarded by the jury are inadequate, the trial court may (i) award a new trial or (ii) require the defendant to pay an amount in excess of the recovery of the plaintiff found in the verdict. If either the plaintiff or the defendant declines to accept such additional award, the trial court shall award a new trial.

So, by the terms of the statute, the one plaintiff invoked, the case is not over until the additur issue is resolved. If either party declines, a new trial shall be had.

Further, the August 18th order by its terms specifically mentions that the case is "continued generally." In *Galligan* all matters were final except those having to do with implementing the court's equitable distribution decision relative to the marital home. When either side has a right to elect to go with a new trial, the proceeding, having been "continued generally," starts anew for trial purposes.

118

Lastly, the twenty-one day rule does not apply since the order was not final.

> A final order is one which disposes of the whole subject, gives all the relief contemplated, provides with reasonable completeness for giving effect to the sentence, and leaves nothing to be done in the cause save to superintend ministerially the execution of the order.

*Daniels v. Truck Corp.*, 205 Va. 579, 585 (1964). The additur order did not dispose of the whole subject, as it left open the option of a new trial at the request of either party.

For the foregoing reasons, Plaintiff's Motion to Enforce Judgment is denied.