# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Barnett

v.

Andrew Spencer

July 21, 2000

Case No. CL 99-188

BY JUDGE EDWARD L. HOGSHIRE

In this personal injury and products liability case, Defendant Andrew Spencer has filed a demurrer. Pursuant to Virginia Code § 8.01-273, Spencer claims that Plaintiff has failed to state a cause of action for negligence. For the reasons articulated below, the Court concludes that Spencer's demurrer should be overruled.

### Statement of the Facts

For the purposes of a demurrer, the Court will assume all facts alleged in the motion for judgment to be true. *See Duggins v. Adams*, 234 Va. 221, 223 (1987). On April 24, 1996, Plaintiff was a student at Albemarle High School and a member of the school band. At approximately 6:00 p.m., the band was on a dinner break from practice. Defendant Spencer approached a nearby Coca-Cola machine which was positioned immediately adjacent to the outside wall of the school. Spencer attempted to move, rock, or tilt the Coca-Cola machine. The soda machine tipped further than Spencer had anticipated and threatened to pin him beneath it. Spencer yelled for help, and Plaintiff attempted to assist him by trying to raise the Coca-Cola machine so that Spencer would not be pinned beneath it. Plaintiff successfully lifted the vending machine enough for Spencer to escape. Once Spencer was out of immediate danger, he released his hold on the machine, and as Plaintiff could

not manage the weight of the machine, it fell on his ankle. Spencer left the area and did not assist Plaintiff.

## Discussion

Defendant Spencer argues that as a matter of law there could have been no negligence on his part that contributed to Plaintiff's injuries. Spencer contends that he acted as any reasonably prudent person would have in escaping a situation that was dangerous to him. Spencer claims that no prudent person in his situation could have foreseen that Plaintiff would be injured when Spencer released his hold on the machine. Spencer argues that he had no duty to Plaintiff while escaping the hazardous situation, and thus he breached no duty to Plaintiff.

In deciding whether Plaintiff has brought a cause of action for negligence, the Court must apply a reasonably foreseeable standard. *See Jordan v. Jordan*, 220 Va. 160, 162 (1979). "When circumstances, reasonably discernible, create a hazard, reasonably foreseeable, the standard of care the law imposes is that degree of care an ordinarily prudent person would exercise under similar conditions." *Edlow v. Arnold*, 243 Va. 345, 351 (1992). Whether a duty of care exists is a question of law. *See A. H. v. Rockingham Publishing Co.*, 255 Va. 216, 220 (1998). "The law determines the duty, and the jury, upon the evidence, determines whether the duty has been performed." *Id.*

In the case at bar, the Court finds that Spencer, or an ordinarily prudent person, would have been aware of the hazard he created by leaving Plaintiff to alone prevent the machine from pinning him. Before Plaintiff came to his assistance, Spencer had been trying to hold the machine up on his own. At that point, Spencer clearly had been aware of the imminent danger of the machine falling over because he feared for his own safety and called for help. Spencer knew or should have known that one person could not alone shoulder the weight of the soda machine and that Plaintiff was likely to be injured by Spencer's departure. The Court finds that Spencer had a duty not to leave Plaintiff exposed to the same hazard for which he had just sought assistance to avoid. As alleged in Paragraph 18 of the motion for judgment, Spencer had a duty to use reasonable care under the circumstances and due regard for the safety of others. It is for the jury to decide whether or not Spencer exercised such care. Plaintiff has alleged a viable cause of action for negligence.

For the above stated reasons, the Court overrules Defendant Spencer's demurrer.